Chester SAWICKI, Petitioner-Appellant,

v.

Perry JOHNSON, Warden, Respondent-Appellee.

No. 72–1951.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 16, 1973.

Decided March 22, 1973.

Chester A. Sawicki, in pro. per.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., on brief, for respondent-appellee.

Before CELEBREZZE, KENT and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal pro se from an order of the District Court for the Eastern District of Michigan, Southern Division, denying Appellant's petition for a writ of habeas corpus. Appellant was con-

victed by a jury of attempting to break or destroy a safe and contends that he was unconstitutionally denied his right to be represented by counsel.

On February 6, 1969 Appellant was bound over to the Circuit Court. On March 5, after Appellant's arraignment, the Court appointed counsel for Appellant and his co-defendant. It is Appellant's contention that during the next 63 days he saw his appointed counsel for a total of approximately five minutes; that the only court appearance made was at a second preliminary examination and that no effort was made to obtain a reduction of the charges, an effort Appellant had been told would be made; that no meeting took place between Appellant and his counsel during the 49 days between the appointment and the preliminary examination; and that after the examination, efforts by Appellant's family to contact his attorney were unsuccessful. The preliminary examination took place on May 2, 1969. On May 9, 1969, Appellant and his co-defendant sent to the Court a notice of dismissal of their appointed counsel, stating as their reasons his refusal to consult with them and his appearance in court without preparation. The Court, on May 15, advised the two defendants that the dismissal would be permitted with the provision that no other counsel would be appointed on their behalf and that they would either have to obtain their own counsel or represent themselves. Both defendants affirmed their dismissal of counsel on May 17, 1969 and the Court entered an order on May 26, permitting the withdrawal of appointed counsel. In two subsequent letters to the Court, Appellant stated that he was unable to obtain counsel. On July 1, 1969, Appellant appeared for trial without counsel and was convicted.

■■■ We reverse the order of the District Court. When serious allegations are made by an indigent defendant that his appointed counsel is not providing adequate representation, they should not be taken lightly. United States v. Morrissey, 461 F.2d 666, 669 (2d Cir. 1972). No hearing was held by the District Court to determine the validity of Appellant's allegations.[1] Nor was any investigation made at the time Appellant notified the Court of his desire to dismiss his counsel. Appellant was simply advised by letter that other counsel would not be appointed. It does not appear, therefore, that Appellant's allegations have been given serious considera-

---

[1] Concerning the allegation of denial of the right to be represented by counsel, the District Court said:

"Petitioners were apprehended at the scene, advised of their constitutional safeguards and jailed. After arraignment and preliminary examination without the benefit of counsel petitioners were bound over to the Circuit Court for trial. At the Circuit Court arraignment a plea of not guilty was entered and defense counsel was appointed. He immediately secured a new preliminary examination in order to insure petitioners the full benefit of his representation. However, in the interim between the Circuit Court arraignment and the date of trial petitioners sought the dismissal of appointed counsel. The court, unable to find a sufficient basis to warrant such removal, informed petitioners that he would grant their request provided they understood that no other counsel would be appointed and that they would thus have to obtain their own. Being thus aware of the circumstances, petitioners still insisted upon counsel's dismissal. They now contend that the court's refusal to grant additional assistance of counsel was a deprivation of their constitutional right to counsel pursuant to the dictates of Gideon v. Wainwright, 372 U.S. 335 [, 83 S.Ct. 792, 9 L.Ed.2d 799] (1963).

"In light of the record before this Court, however, such a claim is groundless. As noted, petitioners were well aware of their right to counsel and the terms by which they were able to dismiss appointed counsel were made explicit. Under these circumstances it is the opinion of this court that by accepting the trial court's proposition petitioners effectively abandoned any further right to court appointed counsel. Also there is no indication that petitioners were denied ample opportunity to retain private counsel of their choice. The instant claim, therefore, does not warrant relief."

tion. As the Court in United States v. Morrissey, *supra,* said:

> "The courts cannot give with one hand an indigent defendant the right to appointed counsel and then, with the other hand, effectively take that right away by refusing to recognize the possibility that defendant's allegations of inadequate representation might prove correct after detailed inquiry." 461 F.2d at 670 n. 6.

 This is exactly what has happened in this case. We do not find that a waiver of counsel can be inferred from Appellant's dismissal of counsel. At the time of his notice of dismissal he stated, and he has reiterated here, his reasons for wanting counsel dismissed. As we stated in Wilson v. Wiman, 386 F.2d 968 (6th Cir. 1967), cert. denied, 390 U.S. 1042, 88 S.Ct. 1634, 20 L.Ed. 2d 303 (1968), "a heavy burden [rests] upon the State to prove that the right to counsel [has] been knowingly and intelligently waived." 386 F.2d at 969. The record indicates that Appellant expressed his wishes to be represented and that he did not wish to proceed to trial without counsel.

In Coles v. Peyton, 389 F.2d 224 (4th Cir. 1968) cert. denied, 393 U.S. 849, 89 S.Ct. 80, 21 L.Ed.2d 120 (1968), the Court stated the principles to be applied when counsel is appointed for an indigent defendant:

> "Counsel for an indigent defendant should be appointed promptly. Counsel should be afforded a reasonable opportunity to prepare to defend an accused. Counsel must confer with his client without undue delay and as often as necessary, to advise him of his rights and to elicit matters of defense or to ascertain that potential defenses are unavailable. Counsel must conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself enough time for reflection and preparation for trial. An omission or failure to abide by these requirements constitutes a denial of effective representation of counsel unless the state, on which is cast the burden of proof once a violation of these precepts is shown, can establish lack of prejudice thereby." 389 F.2d at 226.

These matters should be the subject of a thorough investigation when allegations such as Appellant's are made.

 Since there is no dispute over the fact that Appellant was tried without being represented by counsel, the burden is upon the state to prove that he waived counsel. This, they have not done. Accordingly, the order of the District Court is reversed, and the case is remanded for the purpose of holding an evidentiary hearing concerning Appellant's allegations of denial of representation by counsel.