KELLER, Plaintiff in error, V. STATE, Defendant in error.

*No. 75–843–CR. Argued January 5, 1977.—
Decided February 1, 1977.*
(Also reported in 249 N. W. 2d 773.)

For the plaintiff in error there was a brief and oral argument by *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

CONNOR T. HANSEN, J. In this case, the defendant, in his sec. 974.06, Stats., motion and now on appeal, claims he was denied his constitutional right to legal counsel at his trial. The trial judge denied the motion without an evidentiary hearing. At oral argument, on appeal, the defendant emphasized that the relief sought was a remand to the trial court for such a hearing.

The allegations in the petition of the defendant in support of his postconviction motion are as follows:

"I know that I was not represented by counsel at trial and that I did not want to go to trial without being represented by an attorney and that I did not waive my right to be represented by counsel at trial."

In addition, the defendant, in the postconviction motion documents, stated:

". . . I have not attached any affidavits or other sup-

porting evidence because: The basis for this motion is adequately supported by the record herein."

The allegations are conclusory in nature and present no evidentiary proof in support of the postconviction motion. Generally, allegations such as contained in the instant petition would not require the trial court to accord the defendant an evidentiary hearing.[1] We know of no reason why a petition for postconviction relief should not be supported by proper affidavit, setting forth evidentiary proof and additional facts.

However, in this case, we have opted to examine the record *ab initio* and it is our opinion that the record does not conclusively show that the defendant was entitled to no relief. Under such circumstances, the defendant should have been accorded an evidentiary hearing on his postconviction motion. Sec. 974.06 (3), Stats.

The defendant was represented at his preliminary examination by retained counsel, Mary Lou Robinson. Robinson also appeared for and with the defendant at his arraignment in circuit court on August 27, 1973. The case was set for jury trial at 9:30 a.m. on November 19, 1973.

On November 19, 1973, the defendant appeared before the circuit court at the appointed time without counsel and the following colloquy took place:

"THE COURT. The Court will take up the case of State vs. John Keller. Is John Keller in the room? Come forward.
"Is your name John Keller?
"THE DEFENDANT. Yes, sir.
"THE COURT. Where is your attorney, Mr. Keller?
"THE DEFENDANT. Deer hunting.
"THE COURT. What's your attorney's name?
"THE DEFENDANT. David Post Smith.
"THE COURT. Did he accept this case?

---

[1] *Bergenthal v. State*, 72 Wis.2d 740, 242 N.W.2d 199 (1976); *Zuehl v. State*, 69 Wis.2d 355, 230 N.W.2d 673 (1975); *Nelson v. State*, 54 Wis.2d 489, 195 N.W.2d 629 (1972).

"THE DEFENDANT. He said he wanted to take care of it for me but he wants to get my record and everything straightened out.

"THE COURT. Did you tell him that this case was set for trial today?

"THE DEFENDANT. Yes, I think he knew it.

"THE COURT. And he went deer hunting?

"THE DEFENDANT. That is what I heard.

"THE COURT. You want to be pretty careful because if a lawyer does that he can be disciplined and perhaps disbarred. If you accept a case to represent a man and agree to appear in Court on a certain day and then instead of appearing in court you go deer hunting that is quite a serious thing. Are you sure that Mr. David Post Smith accepted your case as your lawyer?

"THE DEFENDANT. Yes, he said he was going to take the case for me.

"THE COURT. Did he tell you he would be here today to defend you?

"THE DEFENDANT. No. I ain't had that much time to talk to him.

"THE COURT. When did you talk to him?

"THE DEFENDANT. I never really talked to him. I tried to get hold of him but he was in court.

"THE COURT. You have never talked to him?

"THE DEFENDANT. No, my ma did.

"THE COURT. Are you ready to proceed to trial, Mr. Keller?

"THE DEFENDANT. No.

"THE COURT. You are going to go to trial. You were informed last August just as Mr. Frazier was and your case was set for today at that time. That is over three months ago and that is a fair, square time in which to get an attorney and in which to prepare your defense and I am not going to get a 36 man jury in here at $600 expense to Grant County and have you tell me you have not got a lawyer this morning. Are you ready to proceed with your jury trial?

"THE DEFENDANT. Yah.

"THE COURT. All right. Take a seat right there by Percy Stich, the Undersheriff, and I will proceed to take care of Mr. Frazier's case and then we will proceed with yours."

The State proceeded with its case in chief, calling a total of six witnesses who testified as to the facts surrounding the theft. The defendant, representing himself: Made no opening statement; engaged in virtually no cross-examination of the State's witnesses; presented no defense case whatever; and made only a limited closing statement.

From the remarks made by the defendant at the trial, it appears that the issue was not whether the defendant participated in the theft of certain copper wire, but whether its value exceeded $100.[2] The jury found the value of the wire to be $182.13. Although the evidence on value is conflicting, there is credible evidence to support the finding of the jury.

We can fully understand and appreciate the frustrations of a trial judge when confronted with a situation such as presented in this case. The case had been set for a day-certain trial date three months in advance. On the morning of trial, the jury panel was present, along with all of the State's witnesses, and the necessary supporting court personnel. Under these circumstances, where the defendant appeared without counsel, the trial court was confronted with a difficult situation and there are many instances in which the trial court would be wholly justified in requiring the defendant to proceed with trial. *Mulkovich v. State,* 73 Wis.2d 464, 243 N.W. 2d 198 (1976); *Phifer v. State,* 64 Wis.2d 24, 218 N.W. 2d 354 (1974); *Rahhal v. State,* 52 Wis.2d 144, 187 N.W. 2d 800 (1971). This is not such a case, however, because the record before us contains no evidence that the change of counsel was made for the purpose of delay or to manipulate the right to counsel so as to obstruct the orderly procedure for trials or to interfere with the administration of justice. *State v. Scarbrough,* 55 Wis.2d 181, 197 N.W.2d 790 (1972); *Rahhal v. State, supra.* In fact, there was no request for substitution of counsel.

[2] Sec. 943.20(3) (a) and (b), Stats.

The present state of the record reflects that either Lawyer Robinson or Smith had an obligation to both the defendant and the court.

The situation that confronted the trial court in this case does not transcend the fact that the trial judge also had an obligation to the defendant.

In *State v. Beals,* 52 Wis.2d 599, 191 N.W.2d 221 (1971), this court explicated the evolution and development of the case law with respect to the right to counsel, and stated at page 610:

"A criminal defendant's right to legal assistance is one of the most basic and important rights which is accorded by our criminal justice system. The most obvious and important function of legal counsel is to assist the suspect in preparing a defense. The right to counsel is guaranteed by art. I, sec. 7 of the Wisconsin Constitution . . . ."

The United States Supreme Court, in *Johnson v. Zerbst,* 304 U.S. 458, 58 Sup. Ct. 1019, 82 L. Ed. 1461 (1938), spoke of the obligation of a trial court when bringing a defendant to trial without counsel, stating at page 465:

"The constitutional right of an accused to be represented by Counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without Counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to Counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."

While a defendant has a constitutional right to the assistance of counsel at trial, he likewise has a constitutional right to proceed without counsel. *Laster v. State,*

60 Wis.2d 525, 539, 211 N.W.2d 13 (1973); *Browne v. State,* 24 Wis.2d 491, 510, 129 N.W.2d 175 (1964). If he elects to proceed to trial without counsel, the record must demonstrate that he exercised a valid waiver of his constitutional right to counsel. *Hall v. State,* 63 Wis.2d 304, 217 N.W.2d 352 (1974).

The State here argues that the defendant, did in fact waive his right to counsel. The sparse record before us does not support such an assertion. In *Von Moltke v. Gillies,* 332 U.S. 708, 723, 724, 68 Sup. Ct. 316, 92 L. Ed. 309 (1948), the United States Supreme Court considered the waiver of the constitutional right to counsel in light of the protecting duty imposed upon the trial court, and in so doing held that:

". . . To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

The mandates of this court are in accord with the holdings of the United States Supreme Court. *Hall v. State, supra; State v. Beals, supra; Browne v. State, supra; State ex rel. Burnett v. Burke,* 22 Wis.2d 486, 126 N.W. 2d 91 (1964).

The State also argues a distinction in the application of waiver of counsel standards between indigent and

nonindigent defendants. We do not perceive any distinction. In either case the record must demonstrate that the defendant intelligently, voluntarily and understandingly waived his constitutional right to counsel. The record must so reflect such a decision by the defendant in an unequivocal and unconditional manner. *State v. Johnson*, 50 Wis.2d 280, 284, 184 N.W.2d 107 (1971). While the duty of the trial court does not require it to impose counsel upon a defendant who is competent to and does make a valid decision to waive counsel, it does require a trial court to refuse to allow a defendant to proceed without counsel where the defendant is incapable of making or has not unequivocally made such a decision. *State v. Johnson, supra; Browne, supra;* and *Burnett, supra.*

When considering actions and conduct which purport to constitute a waiver of this fundamental right, all relevant inquiries into the nature and intent of those actions and conduct must be pursued prior to imposing upon the defendant with the consequences of waiver. Here the record raises the questions of whether or not counsel was in fact engaged by either the defendant or his mother and if so whether the absence of counsel at trial was the fault of the defendant or was due to negligence or inadvertence on the part of one or both of the lawyers. The resolution of those questions would be essential to a finding of waiver, although their resolution against the defendant would not, standing alone, constitute a waiver as a matter of law. Nevertheless, these issues cannot be resolved on the present record.

[4, 5]

It is true, that the right to counsel may be waived by a defendant who fails to retain counsel within a reasonable time when he is financially able to do so. *See: United States ex rel. Baskerville v. Deegan* (2nd Cir. 1970), 428 Fed.2d 714, 716; *United States v. McMann* (2nd Cir. 1967), 386 Fed.2d 611, 618, certiorari denied 390 U.S. 958, 88 Sup. Ct. 1049, 19 L. Ed.2d 1153 (1968);

*Commonwealth v. Delorey* (Mass. 1975), 339 N.E.2d 746, 750. But that waiver, by action or conduct, is subject to the same rules as in the instance where a defendant verbally informs the court that he wishes to proceed without counsel. It is not a waiver as a matter of law.

The State argues that the real issue in this case is not whether the defendant was denied his right to counsel at trial but is ". . . whether the trial court *abused its discretion* in failing to grant a continuance when the defendant asserted that he was not ready for trial because his attorney (to whom he had never personally talked) had allegedly gone deer hunting."

Having cast the issue in terms of abuse of discretion, the State relies upon this court's holding in *Phifer, supra,* p. 31, that the " 'Proper exercise of this discretion requires a delicate balance between the defendant's right to adequate representation of counsel at trial, and the public interest in the prompt and efficient administration of justice . . . .' "

Thus, the State argues, the trial court properly concluded that under the facts and circumstances of the case, a continuance of the trial in order to allow the defendant further opportunity to secure his attorney's presence would constitute unreasonable delay and inconvenience in the completion of the trial.

It is true that the matter of continuance is traditionally within the discretion of the trial court. *Cummings v. State,* 73 Wis.2d 554, 562, 243 N.W.2d 499 (1976); *State v. Davis,* 66 Wis.2d 636, 655, 225 N.W.2d 505 (1975); *State v. Calhoun,* 67 Wis.2d 204, 218, 226 N.W.2d 504 (1975).

Total reliance upon *Phifer, supra,* however, for the proposition that discretion was to be exercised in this instance and for the factors which must enter into the "delicate balance," is misplaced. *Phifer, supra,* as well as two previous cases, *State v. Scarbrough, supra,* and *Rah-*

*hal v. State, supra,* all dealt with the issue of the defendant's eleventh hour attempt to substitute lawyers. Summing up the holdings of those cases, this court stated in *Mulkovich, supra,* 474:

> "This court has frequently said that, except in cases of indigency, a defendant may have whatever counsel he chooses to retain and may refuse to accept the services of counsel he does not want. *Baker v. State* (1893), 86 Wis. 474, 56 N.W. 1088.
>
> " . . .
>
> "This right, however, is not an absolute right and may be refused where the court properly exercises its discretion. *Phifer v. State* (1974), 64 Wis.2d 24, 218 N.W.2d 354, stated the appropriate standards for the exercise of judicial discretion when the *choice* of defendant's counsel is called into question. When there is no evidence that the proposed counsel is inadequate and when there is no evidence that a change of counsel is made for the purpose of delay, it is an abuse of discretion to refuse a request for retained counsel or for substitution of counsel." (Emphasis added.)

Considering, as they did, the *choice* of counsel, and not the existence or presence of counsel at trial, the holdings of the above cited authority are not here applicable.

In the instant case, the defendant was not in fact represented by counsel at trial. He was not given the choice at trial that was given to the defendant in *State v. Scarbrough, supra.* He was given no choice, but was required to proceed with his own defense. Under these circumstances, the trial court's obligation was not that of exercising its discretion as in *Phifer, supra,* but rather was that of determining on the record whether or not the defendant, by his actions, had indeed waived his right to any counsel.

We conclude that the present record is insufficient to determine whether there was a waiver of the right to counsel or whether the constitutional rights of the de-

fendant to counsel were fully considered by the trial court. The order of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.

HANLEY, J. (dissenting). A motion under sec. 974.-06, Stats., does not lie to review a trial ruling on grounds of abuse of discretion. The question in this case is whether by refusing a continuance, the trial court denied defendant his constitutional right to be represented by counsel.

The majority remands this case for a hearing defendant did not want when he filed his motion relying solely on the trial record. He expressly disclaimed reliance on any other supporting evidence. The record which he relied on showed that he was represented by counsel at arraignment and preliminary hearing. He came to court on his trial date, which had been fixed almost three months earlier, without his first attorney. He claimed (not having been sworn) that his mother had contacted a second. The new attorney could not attend on the day of trial because he was deer hunting.

While I agree with the majority that a hearing would be required to grant defendant's motion, I do not agree that a hearing was required to deny it. The trial judge disbelieved defendant's story at the trial. The story was not worthy of belief then. It was not more credible the second time, seventeen months after conviction, and one month after probation on the conviction was revoked. I would affirm.