STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Terry Craig KAZEE, Defendant-Appellant.

Supreme Court

*No. 87–0844–CR. Argued October 5, 1988.—Decided November 29, 1988.*

(Also reported in 432 N.W.2d 93.)

For the plaintiff-respondent-petitioner the cause was argued by *Barry Levenson,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

For the defendant-appellant there was a brief and oral argument by *Michael S. Sperling,* Milwaukee.

WILLIAM A. BABLITCH, J. The State of Wisconsin (State) seeks review, requesting that this court clarify trial court duties when faced with a last-minute request to discharge counsel. In addition, we are asked to determine the appropriate remedy when the trial court fails to inquire about such a request. We determine that Terry Craig Kazee's (Kazee) words "I don't want him," made during his counsel's opening statement, was tantamount to a request for new counsel. Because no inquiry was made into Kazee's request for new counsel, and we cannot discern from the record whether Kazee's request had a substantial factual basis, we conclude that the trial court abused its discretion by failing to adequately determine whether the request was justifiable, or merely an attempt to secure a delay or a tactical advantage. We further conclude, consistent with our holding in *State v. Lomax,* 146 Wis. 2d 356, 432 N.W.2d 89 (1988), decided this date, that where an adequate and meaningful hearing is possible, a retrospective inquiry into the reasons for requesting new counsel should be held rather than automatically granting a new trial. Accordingly, we reverse the court of appeals and remand the case to the circuit court for an evidentiary hearing at which Kazee may state his reasons and have the trial court rule on their sufficiency.

The facts are as follows. After the jury had been sworn, Kazee interrupted his attorney during his attorney's opening statement, apparently disagreeing with a particular sequence of events as related by his counsel to the jury. The following exchange occurred:

"[Defense counsel to the jury]: There was a big argument.

"[Kazee]: No, there wasn't.

"[Defense counsel]: Quiet.

"[Kazee]: You don't tell me to be quiet. We weren't arguing.

"COURT: Sir.

"[Kazee]: Don't be lying to me. Tell the truth.

"COURT: Sir. Keep quiet. Mr. Kazee, I am talking to you. You be quiet for the moment.

"[Kazee]: Hey, I don't want. ...

"COURT: You be quiet for the moment, sir. Excuse the jury."

The trial court dismissed the jury, and admonished Kazee to conduct his consultations with counsel in private rather than interrupting in open court. Kazee was informed that the court would recess to give him an opportunity to resolve the matter with his attorney, and that if he continued to misbehave the court could find him in contempt. The following statement upon which this appeal is based was then made:

"[Kazee]: *I don't want him.* (Emphasis added.)

"SPECTATOR: (Rear of Courtroom) He is trying to help you.

"COURT: [to someone in courtroom] Sir, move out. If you don't move out I'll have the deputy take you out and put you in jail."

369

The court went into recess. When the court reconvened in the afternoon, the assistant district attorney asked the court to again admonish Kazee concerning further outbursts, for fear that the child-victim might be intimidated. Defense counsel indicated to the court that he would join in a request to have Kazee placed in the "bullpen" if he made any further outbursts during trial. The court then advised Kazee that he had the right to consult with his attorney during the trial, but that Kazee could not speak out himself. If he did, the court stated that it would be forced to remove him from the courtroom until he testified. Kazee replied, "All right. Fine." The trial continued without further incident and Kazee was convicted by the jury and sentenced to twenty years imprisonment.

Following the conviction, Kazee moved for a new trial on the grounds that he was denied his Sixth Amendment right to effective assistance of counsel when the trial court failed to inquire into his reasons for requesting discharge of his counsel. On the basis of additional briefs, the trial court denied the motion, concluding that Kazee's remarks were made in a moment of anger and subsequently abandoned after conferring with his counsel over the noon hour.

The court of appeals summarily reversed, and ordered a new trial. It held that the trial court abused its discretion by failing to make any inquiry into Kazee's reasons for wanting a different attorney. The court of appeals did not address the question whether Kazee abandoned the request.

The State petitioned for review, requesting that this court clarify trial court duties when faced with a last-minute request to discharge counsel, as well as determine the appropriate remedy to be utilized when

the trial court improperly fails to inquire into a defendant's request for new counsel.

We agree with the majority of federal courts which hold that if at any time during the proceeding a defendant makes a substantial complaint that could reasonably be interpreted as a request for new counsel, the trial judge should inquire whether there are proper reasons for substitution.[1] Here, we conclude that Kazee's words "I don't want him," although not a specific request for substitute counsel, were sufficient in the context in which they were spoken to alert the trial judge that Kazee had a potentially substantial complaint about his counsel, and that such statement was tantamount to a request for new counsel. A reasonable corollary to "I don't want him" is "I want someone else." Accordingly, we conclude that Kazee's statement could reasonably be interpreted as a request for new counsel.

Once such a request is made, it is within the trial court's discretion to determine whether a proper factual basis exists for appointing new counsel. *State v. Johnson,* 50 Wis. 2d 280, 283, 184 N.W.2d 107, 109

[1]*See, e.g., United States v. Allen,* 789 F.2d 90, 92 (1st Cir. 1986); *Thomas v. Wainwright,* 767 F.2d 738, 741 (11th Cir. 1985); *United States v. Welty,* 674 F.2d 185, 187 (3rd Cir. 1982); *United States v. Woods,* 487 F.2d 1218, 1220 (5th Cir. 1973); *Sawicki v. Johnson,* 475 F.2d 183, 184 (6th Cir. 1973); *United States v. Calabro,* 467 F.2d 973, 986 (2d. Cir. 1972), *cert. denied,* 410 U.S. 926 (1973); *United States v. Seale,* 461 F.2d 345, 359 (7th Cir. 1972); *Brown v. Craven,* 424 F.2d 1166, 1170 (9th Cir, 1970); *Brown v. United States,* 264 F.2d 363, 367–69 (D.C. Cir. en banc) (Burger, J., concurring), *cert. denied,* 360 U.S. 911 (1959); *see also,* W. Schwartzer, *Dealing With Incompetent Counsel—The Trial Judge's Role,* 93 Harv. L. Rev. 633, 652 (1980).

(1971). In this regard, we adopt the discussion in *State v. Lomax,* 146 Wis. 2d 356, 359–60, 432 N.W.2d 89, 90–91 (1988), enumerating factors which the courts must normally consider in evaluating requests for new counsel.

In the exercise of its discretion, this court has never insisted that the trial court's inquiry satisfy a particular formula. Nor do we require the trial court to engage in needless inquiry. If the reasons for the defendant's request are made known, or are apparent, the court may exercise its discretion without further inquiry. But the exercise of the court's discretion must be on an informed basis.

A discretionary decision which does not demonstrate consideration of the facts on which the court's reasoning should be based is an abuse of discretion. *McCleary v. State,* 49 Wis. 2d 263, 278, 182 N.W.2d 512, 519 (1971). Here, Kazee did not make known the reasons for his statement, and the trial court did not make any inquiry of Kazee. Furthermore, we cannot discern from the record whether or not Kazee's complaint and implicit request had merit. Under these circumstances, without even a minimal inquiry into the reasons for the defendant's dissatisfaction with his lawyer, neither the trial court nor an appellate court has any way of knowing whether the request is justifiable, or merely an attempt to secure a delay or tactical advantage. We conclude therefore that the trial court abused its discretion by failing to inquire into the factual basis, if any, of Kazee's dissatisfaction.

Of course, an accused must not be permitted to manipulate the right of counsel to delay the orderly procedures for trials or interfere with the administra-

tion of justice. *State v. Scarbrough,* 55 Wis. 2d 181, 186, 197 N.W.2d 790, 793 (1972). As we recognized in *Rahhal v. State,* 52 Wis. 2d 144, 147–48, 187 N.W.2d 800, 803 (1971), defendants in criminal cases often attempt to secure last-minute substitution of counsel to delay the trial, and the practice has "plagued" the criminal courts in Milwaukee county. As a result of the significant adverse effect that last-minute requests can have on the judicial system, we have directed trial courts to balance the defendant's right to adequate representation against the public interest in the prompt and efficient administration of justice. *See, Phifer v. State,* 64 Wis. 2d 24, 31, 218 N.W.2d. 354, 358 (1974).

We turn now to the question of whether Kazee abandoned his request. On the basis of a post-conviction motion, the trial court determined that Kazee's remarks were made in a moment of anger and abandoned after Kazee had a chance to discuss the matter with counsel during the recess. However, this conclusion also lacks sufficient underlying factual support. There was no inquiry whether Kazee and defense counsel had resolved their differences, and the record is too ambiguous to uphold such a conclusion. Given the court's previous admonishments and warnings of expulsion from the courtroom if further outbursts were made, we cannot conclude under the facts of record that Kazee abandoned his request.

The next issue is what remedy should be afforded when the trial court improperly fails to inquire into the defendant's reasons for requesting new counsel. In an analogous situation, we recently held that the absence of a timely inquiry regarding a defendant's competency does not automatically entitle the defen-

373

dant to a new trial. *State v. Johnson,* 133 Wis. 2d 207, 224–25, 395 N.W.2d 176, 184–85 (1986). In that case, we stated that where a meaningful hearing can be held, the circuit court must hold a retrospective competency hearing.

The *Johnson* rule was reaffirmed in *State v. Nelson,* 138 Wis. 2d 418, 440, 406 N.W.2d 385, 394 (1987). In holding that the use of a post-conviction hearing afforded an adequate and meaningful determination of the availability of a victim-witness in a child sexual assault case, we stated:

> "Although an orderly criminal process will best be effectuated by an availability hearing at or prior to trial, the absence of such a hearing does not automatically entitle a defendant to a new trial. A defendant's constitutional right to confrontation may, in certain circumstances, be adequately protected by a retrospective determination of availability." *Id.*

■ As we stated today in *State v. Lomax,* 146 Wis. 2d 356, 362–65, 432 N.W.2d 89, 92–93 (1988), this rationale is equally applicable to the failure to timely inquire into the factual basis for the defendant's request for new counsel. Accordingly, we conclude that if an adequate and meaningful inquiry is possible, a retrospective determination of the appropriateness of the request for new counsel should be had rather than automatically granting a new trial.

Kazee's reliance on *State v. Haynes,* 118 Wis. 2d 21, 345 N.W.2d 892 (Ct. App. 1984), to support his argument that he is automatically entitled to a new trial, is misplaced. Although the court of appeals determined in *Haynes* that the trial court abused its

374

discretion by failing to inquire into the defendant's reasons for requesting new counsel, that issue was inextricably bound up with other issues which required a new trial as a matter of law, such as the denial of Haynes' rights to be present in court. See, *Id.* at 25–27, 345 N.W.2d at 895–96. No such combination of issues exists in the present case. Thus, *Haynes* does not support the proposition that a new trial should be granted automatically when the trial court fails to sufficiently determine the basis for the defendant's request for new counsel.

Similarly lacking in merit is Kazee's suggestion that the judge who presided at trial is incapable of rendering an objective retrospective determination. Kazee incorrectly assumes that during a retrospective hearing the trial judge will violate his duty to conduct impartial proceedings.

We also reject Kazee's contention that there is little or no chance of a meaningful retrospective hearing due to the passage of approximately two years, coupled with Kazee's contention that he is of low intelligence. First, we made clear in *Johnson* that the passage of even a considerable amount of time, in that case over three years, may not make the effort meaningless. *Id.* at 225, 395 N.W.2d at 184–85. Indeed, the cases cited in *United States ex rel. Bilyew v. Franzen,* 686 F.2d 1238, 1247 (7th Cir. 1982), reveal that delays up to nine years are surmountable.

Second, with regard to Kazee's current claim that he possesses inadequate intelligence, we note that at no time was a motion presented to the trial court alleging that Kazee was incompetent. Indeed, during this trial Kazee was able to remember in great detail his version of what transpired at the time of the sexual assault two and one-half years earlier. Kazee's

failure to remember or document the factual basis for his dissatisfaction with counsel will not be excused by allegations of inferior intelligence. Moreover, defense counsel is available to testify, and perhaps refresh Kazee's memory.

We therefore reverse the court of appeals and remand the case to the circuit court to determine the merits of Kazee's request. The hearing may be held as part of a multipurpose hearing designed to determine first whether a meaningful retrospective inquiry can be held. If the circuit court finds that a retrospective hearing may still be meaningful, and Kazee fails to satisfy his burden of showing that he was entitled to new counsel, then the judgment of conviction stands. On the other hand, if the circuit court finds that a meaningful hearing cannot be held, or it finds that Kazee was entitled to a substitution of counsel, then Kazee must be granted a new trial.

*By the Court.*—The decision of the court of appeals is reversed and the case is remanded with directions.