STATE of Wisconsin, Plaintiff-Respondent.

v.

Robert VERDONE, Defendant-Appellant.

Court of Appeals

*No. 94–3369–CR. Submitted on briefs June 12, 1995.—Decided June 20, 1995.*

(Also reported in 536 N.W.2d 172.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James B. Connell* of *Crooks, Low & Connell, S.C.* of Wausau.

■■■■■■■■■

■■■■■■■■■

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *William C. Wolford,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.  Robert Verdone appeals a judgment of conviction of one count of felony battery, in violation of § 940.19(3), STATS., and one count of resisting an officer, in violation of § 946.41(1), STATS. Verdone contends that: (1) he was denied his Sixth Amendment right to counsel; (2) the evidence was insufficient to sustain a conviction; (3) the trial court erred by not instructing the jury on the lesser included offense of simple battery; and (4) there was a miscarriage of justice and the real controversy has not been fully tried. Because we conclude that the record fails to demonstrate that Verdone asserted his right to counsel in an untimely fashion and because the evidence is sufficient to support the conviction, we reverse and remand for a new trial.

## BACKGROUND

The charges in this case arose out of an incident on September 17, 1993, where Verdone, his brother and his father allegedly attacked Ronald Sova, Verdone's ex-wife's boyfriend. On October 12, the trial court held the initial appearance, where Verdone was instructed as to the role of the attorney in such proceedings. Verdone replied that he was waiving his right to an attorney of his own free will and that he understood what he was doing. The court found that Verdone had freely, voluntarily and intelligently waived his right to counsel. The court delineated Verdone's right to have

an attorney at subsequent proceedings, including a public defender if necessary. Finally, the court asked the clerk to provide notice of such right.

The court held a preliminary hearing for Verdone, his brother and father on December 6. Verdone appeared without an attorney. After the court bound Verdone over for trial, the arraignment followed. The court once again inquired into Verdone's lack of counsel, his understanding of his right to counsel and his subsequent waiver of counsel. The court set a jury trial for March 3 and 4.

On March 3, Verdone appeared at trial without an attorney. The trial court held a conference call with a public defender to clarify that earlier Verdone had requested counsel from the public defender's office and that the office was unable to find an attorney who could represent Verdone on the trial dates. Thus, the public defender requested an adjournment of the trial until counsel could be obtained. The trial court stated that it had communicated with the public defender's office two weeks prior to the trial date, which reflected Verdone's request for counsel. At the conference, Verdone contended that he contacted the public defender's office for representation over three weeks prior to the trial date. The trial court denied the public defender's adjournment request based on the trial schedule being set for several months, that Verdone sought counsel too close to the trial date and that Verdone waived his right to counsel because he did not have an attorney on the day of the trial.

Consequently, the court concluded that Verdone had waived his right to counsel and that the trial would proceed. The jury found Verdone guilty on both charges on March 4. Verdone appeals the convictions.

## RIGHT TO COUNSEL

Whether a defendant has waived his right to counsel requires an application of constitutional principles to the facts of a case, which we review independently of the trial court. *State v. Woods,* 117 Wis. 2d 701, 715-16, 345 N.W.2d 457, 465 (1984). Nonwaiver of counsel is presumed and waiver must be clear and unequivocal in order to be valid. *Pickens v. State,* 96 Wis. 2d 549, 555, 292 N.W.2d 601, 605 (1980). The State has the burden of overcoming the presumption of nonwaiver. *State v. Baker,* 169 Wis. 2d 49, 77-78, 485 N.W.2d 237, 248-49 (1992). A defendant must assert the right to counsel in a timely manner, in the interest of the efficient administration of justice. *See State v. Kazee,* 146 Wis. 2d 366, 372-73, 432 N.W.2d 93, 96 (1988).

Here, although Verdone waived his right to counsel in two earlier proceedings, it is also undisputed that he asserted his right to counsel by contacting the public defender's office for counsel in accordance with the trial court's instructions. He continued to demand representation at the time of trial. Thus, we must determine whether Verdone's assertion of counsel was made in a timely fashion and that it did not hinder the prompt administration of justice. *See id.* at 372-73, 432 N.W.2d at 96. Specifically, did Verdone forfeit his right to counsel by asserting his right to counsel at a time unreasonably close to the date of trial or for the purpose of delaying the trial or interfering with the administration of justice.

In *Keller v. State,* 75 Wis. 2d 502, 249 N.W.2d 773 (1977), a defendant who had been previously represented by an attorney did not have counsel on the trial date. Because the trial had been set for three months, the court concluded that the parties would proceed

with the trial, as the witnesses and jury were ready. *Id.* at 505-06, 249 N.W.2d at 775. On appellate review, our supreme court concluded that there are instances when the trial court would be justified in proceeding with trial; however, the supreme court concluded that this was not such a case. *Id.* at 506, 249 N.W.2d at 775-76. The supreme court based its decision on the fact that the record contained no evidence that the lack or change of counsel was for the purpose of delaying trial or manipulating the right to counsel so as to interfere with the administration of justice. *Id.*

Here, the trial court record is also insufficient for a determination of whether Verdone had asserted his right to counsel in an untimely manner after having previously waived his right to counsel. At the teleconference preceding the trial, the trial court and a public defender discussed the dilemma of finding an attorney for Verdone. The record indicates that two weeks before trial, the public defender's office informed the court that Verdone had requested counsel. Because the public defender spent some time attempting to obtain counsel for Verdone, it appears that Verdone's request for counsel was made at some unspecified time prior to the public defender's contact with the court. The only other indication of when Verdone requested counsel was by Verdone himself, who stated at the conference that he requested counsel more than three weeks prior to the trial. Although a letter from the public defender's office to the trial court indicating Verdone's desire for counsel was alluded to in the conference, the letter is not part of the record on appeal. Without more evidence of the time frame involved, it is impossible to determine exactly when Verdone first contacted the public defender's office asserting his right to counsel. Consequently, we cannot make a precise determination of

when Verdone requested counsel from the public defender. However, it is clear that two weeks prior to trial, the court was aware that Verdone was exercising his right to counsel.

At trial, Verdone continued to assert his right to counsel. We do not condone Verdone's actions of first waiving counsel and then later asserting his right to counsel shortly before trial. But because counsel's representation at a criminal trial is such an important and essential right, mere inconvenience to the court is insufficient to deny a defendant's right to counsel. Here, there was no affirmative showing in the record that reflects that Verdone's assertion of the right to counsel was untimely or that his assertion was for the purpose of delaying trial or interfering with the administration of justice. Generally, the State has the burden of overcoming the presumption of nonwaiver of the right to counsel. *See Baker,* 169 Wis. 2d at 77-78, 485 N.W.2d at 248-49. The State must demonstrate that Verdone's demand for counsel was so unreasonably close to the trial date that it constituted waiver by conduct. We conclude that the State failed in this burden.

In sum, we conclude that the present record is insufficient to conclude that Verdone's initial waiver of his right to counsel and his later assertion of his right to counsel was untimely or for the purpose of delaying the trial or interfering with the administration of justice. Thus, we reverse and remand for a new trial.

## SUFFICIENCY OF THE EVIDENCE

Even though we have ordered a new trial on other grounds, double jeopardy considerations require that

we address Verdone's sufficiency of evidence claim. *See Burks v. United States,* 437 U.S. 1, 17-18 (1978). Specifically, Verdone asserts that there was insufficient evidence to support a conviction of felony battery in violation of § 940.19(3), STATS., 1991-92.[1] Specifically, Verdone contends that the evidence that his conduct created a high probability of great bodily harm was insufficient. We may not reverse a conviction unless, viewing the evidence most favorably to the State and the conviction, it is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found the defendant guilty beyond a reasonable doubt. *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752, 757-58 (1990). At trial, the doctor who examined Sova testified regarding Sova's injuries:

> Q. Doctor, Mr. Sova also testified that the Defendant, Rob Verdone, kicked him with a foot in the abdomen, the face—or it appears someone kicked him in the abdomen and face, and the evidence is going to be that Mr. Verdone, Mr. Rob Verdone, did this. Those kinds of actions, would those also create a high probability of great bodily harm?
>
> A. Yeah, it could possibly. It depends on the intensity of the force by the injury. It could possibly cause injury to the liver and the spleen, as well to other vital organs. But that injury to the spleen and the liver could be fatal because they are very vascular organs. He could basically bleed to death.

---

[1] Section 940.19(3), STATS., 1991-92, reads in pertinent part: "Whoever intentionally causes bodily harm to another by conduct which creates a high probability of great bodily harm is guilty of a Class E felony."

Verdone contends that this medical testimony is insufficient evidence upon which to base a conviction because it was not to a reasonable degree of medical certainty. We disagree.

The medical testimony indicates that depending on the intensity of the force, Verdone's actions could have caused great bodily harm. Whether Verdone's actions constituted such force is a question for the jury to decide. The jury also heard Sova's testimony as to his injuries, such as choking on his own blood and consequent inability to breathe. The nature of Sova's injuries are a factor that the jury can consider in determining the nature of Verdone's conduct. *See State v. Crowley,* 143 Wis. 2d 324, 337, 422 N.W.2d 847, 853 (1988).

The evidence of Sova's injuries coupled with the medical testimony provided the jury with sufficient evidence to establish that Verdone's conduct created a high probability of great bodily harm. Viewing the evidence most favorably to the State, we cannot conclude that the evidence was so insufficient as a matter of law that no trier of fact, acting reasonably, could have found Verdone guilty beyond a reasonable doubt. Because this conviction is reversed and remanded for a new trial, it is unnecessary to address Verdone's remaining issues.

*By the Court.*—Judgment reversed and cause remanded with directions.