COURT OF APPEALS
DECISION
DATED AND FILED

October 8, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2016-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2015CF2065

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MARCUS DEMOND ANDERSON, SR.,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: TIMOTHY M. WITKOWIAK and JANET C. PROTASIEWICZ, Judges. *Order reversed and cause remanded with directions*.

Before Brash, P.J., Kessler and Dugan, JJ.

¶1 KESSLER, J. Marcus Demond Anderson, Sr. appeals a judgment of conviction, following guilty pleas, to two counts of delivering heroin.

Anderson also appeals the order denying his motion for postconviction relief.[1] Anderson argues that statements made at his sentencing hearing constituted an implicit request for new counsel and the circuit court erroneously exercised its discretion in failing to inquire about Anderson's concerns. We agree and therefore reverse the circuit court's postconviction order denying Anderson's motion and remand the matter for a retrospective evidentiary hearing.

## BACKGROUND

¶2 On May 7, 2015, Anderson was charged with two counts of delivery of heroin. According to the criminal complaint, Anderson twice sold heroin to an undercover police officer.

¶3 On November 30, 2015, Anderson pled guilty to both counts. On February 16, 2016, the matter proceeded to sentencing. The State reminded the circuit court that its recommendation was five years of initial confinement and five years of extended supervision. The following exchange then occurred:

> THE COURT: All right. Sir, is that your understanding of what the negotiations were in the case?
>
> [Anderson]: No. Not on this matter. Man, I want to say my lawyer ain't come and see me, man, and I want to -- He ain't been coming to talk to me at [all]. I want to be honest. I pled out to something I really don't know anything about, man. I want to call it -- I want to call it ineffective counsel, man.
>
> THE COURT: All right. All right. The State's argument as to sentencing?

---

[1] While the appellant appeals from both a judgment and an order, we address only the order for the reasons set forth in the opinion.

¶4      The circuit court did not address Anderson's comments and proceeded to hear sentencing arguments.   Ultimately, the court sentenced Anderson to three years of initial confinement and three years of extended supervision on the first count and a concurrent three and one-half years of initial confinement and three and one-half years of extended supervision on the second count.

¶5      Anderson filed a postconviction motion arguing that the circuit court "failed to exercise its discretion on his implicit request to have a new lawyer appointed in his case prior to being sentenced."   Anderson argued that his statements at sentencing constituted a substantial complaint with an inherent request for new counsel and that the circuit court was required to inquire about Anderson's complaint.  Anderson requested a hearing "at which he can present to the court the reasons he wanted a new lawyer."

¶6      The postconviction court denied Anderson's motion, finding that Anderson failed to make a substantial complaint that could reasonably be interpreted as a request for new counsel.   The court found that Anderson's statements at sentencing were "merely the complaints of a defendant who was only accusing his attorney of failing to communicate with him."   This appeal follows.

**DISCUSSION**

¶7      On appeal, Anderson raises the same issue raised in his postconviction motion.

¶8      "[A] circuit court's exercise of discretion is triggered by a defendant's presentation of a substantial complaint that could be interpreted as a

request for new counsel." ***State v. McDowell***, 2004 WI 70, ¶66, 272 Wis. 2d 488, 681 N.W.2d 500. A defendant's request for new counsel need not be explicit. *See id.*, ¶71. "When a substantial complaint is made, the trial judge should inquire whether there are proper reasons for substitution." *Id.*, ¶66.

¶9     In evaluating whether a circuit court's denial of a motion for substitution of counsel is an erroneous exercise of discretion, we must consider a number of factors including: "(1) the adequacy of the court's inquiry into the defendant's complaint; (2) the timeliness of the motion; and (3) whether the alleged conflict between the defendant and the attorney was so great that it likely resulted in a total lack of communication that prevented an adequate defense and frustrated a fair presentation of the case." *See* ***State v. Lomax***, 146 Wis. 2d 356, 359, 432 N.W.2d 89 (1988). The circuit court must make a sufficient inquiry to ensure "that a defendant is not cemented to a lawyer with whom full and fair communication is impossible." ***State v. Jones***, 2007 WI App 248, ¶13, 306 Wis. 2d 340, 742 N.W.2d 341. When the circuit court fails to properly exercise its discretion in determining whether a request for a new attorney should be granted, the defendant is entitled to a retrospective evidentiary hearing in order to present his or her reasons for seeking new counsel. *Id.*, ¶19.

¶10     With these standards in mind, we conclude that the circuit court erroneously exercised its discretion when it ignored Anderson's statements at his sentencing hearing. At the beginning of the hearing, Anderson told the circuit court that his trial counsel was "ineffective" and "ain't come and see me … ain't been coming to talk to me at [all]." Anderson also told the court that he did not understand the terms of his pleas. The circuit court brushed over the statements and the postconviction court found that Anderson failed to make statements tantamount to a request for new counsel. We conclude that Anderson's

4

statements, in the context in which they were spoken, were sufficient to alert the circuit court that Anderson had a potentially substantial complaint about his counsel, namely that counsel did not communicate with Anderson regarding his pleas and potential sentence. Anderson's statement that counsel was "ineffective" could reasonably be interpreted as a request for new counsel, as it is unlikely for a defendant to draw "ineffective[ness]" to a court's attention if the defendant wished to continue with counsel.

¶11    Once such a request is made, it is within the circuit court's discretion to determine whether a proper factual basis exists for appointing new counsel. *State v. Johnson*, 50 Wis. 2d 280, 283, 184 N.W.2d 107 (1971). The court's exercise of discretion "must be on an informed basis," taking into account the factors articulated in *Lomax*. *State v. Kazee*, 146 Wis. 2d 366, 372, 432 N.W.2d 93 (1988).

¶12    Here, the circuit court did not even make a "minimal inquiry" into Anderson's statements. *See id.* Rather, the court completely ignored Anderson's concerns and proceeded with sentencing as though Anderson had said nothing. Accordingly, none among the circuit court, the postconviction court, or this court, had "any way of knowing whether the request [was] justifiable, or merely an attempt to secure a delay or tactical advantage." *See id.* The supreme court recognized the State's concern that "an accused must not be permitted to manipulate the right of counsel to delay the orderly procedures for trials or interfere with the administration of justice," *id.* at 372-73, and accordingly directed circuit courts to "balance the defendant's right to adequate representation against the public interest in the prompt and efficient administration of justice." *Id.* at 373. Neither the circuit court nor the postconviction court conducted such a balancing test.

¶13    Consequently, we must reverse the postconviction court's order denying Anderson's motion for postconviction relief without a retrospective evidentiary hearing and remand this matter to the circuit court with instructions to hold that hearing.

*By the Court.*—Order reversed and cause remanded with directions.

Not recommended for publication in the official reports.