STATE, Respondent, v. JOHNSON, Appellant.

*No. State 15. Argued February 5, 1971.—Decided March 2, 1971.*
(Also reported in 184 N. W. 2d 107.)

For the appellant there was a brief and oral argument by *Stewart G. Honeck* of Milwaukee.

For the respondent the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney of Milwaukee county.

ROBERT W. HANSEN, J.   The sole issue here is whether the defendant was entitled to counsel at the time of his trial on a felony charge.

At his first appearance in court, he was established to be indigent and an attorney was appointed to represent him.   Such court-appointed attorney represented him at the time of the preliminary hearing and at the arraignment.

At a court proceeding to set a date for trial, the court-appointed attorney stated that he could not try the case until a date in April.   The defendant, as is uncommon enough these days, insisted upon the case being tried at an earlier date.   The defendant, a minor at the time, stated that his father was to secure and pay for privately retained counsel to appear for the defendant at the time of trial.

The trial court relieved the court-appointed attorney of any further duties in the case, making findings on the record that: (1) The defendant had discharged his court-appointed attorney; (2) that defendant had advised the court his father was going to obtain counsel for him; and (3) that the court would not appoint any further counsel for defendant "under any circumstances."

The expectation that the father would provide counsel for his son was not realized.   On the trial date in March, the defendant appeared in court without counsel.

The assistant district attorney assigned to the case objected to proceeding in the absence of defense counsel, stating: "We can't convict a man without an attorney."

A Milwaukee attorney, associated with the local county defender project, was willing to represent the defendant, but stated he would need a short delay to familiarize himself with the case.

On the record earlier made, the trial court held that the defendant was not entitled to counsel, and the trial proceeded.

The record here is clear, but it is clearly wrong in one particular. Despite the trial court's so finding, the defendant did not "discharge" his court-appointed counsel. He did not hire him and he could not fire him. This only the court could do. In this state an indigent defendant is entitled to competent counsel, but not necessarily counsel of his own choosing. He cannot select and he cannot discharge the court-appointed attorney, nor can he insist upon replacement counsel being appointed. He can request the court to name a different attorney, but the decision is for the court to make. Even the attorney appointed cannot walk away from the case, once he has accepted the appointment. All that he can do is to request the appointing court that he be relieved of the responsibility to further represent the defendant. Whether the request of either defendant or appointed counsel for termination of services is to be granted is directed to the sound discretion of the trial court, a discretion that will include consideration of the amount of preparatory work done at public expense and the avoidance of delay or dilatory tactics.[1]

To say the discharge of court-appointed counsel in criminal cases is up to the court, not up to the defend-

[1] *See Bowman v. United States* (5th Cir. 1969), 409 Fed. 2d 225; *United States v. DiTommaso* (4th Cir. 1968), 405 Fed. 2d 385, certiorari denied, 394 U. S. 934, 89 Sup. Ct. 1209, 1210, 22 L. Ed. 2d 465.

ant or counsel, is not to say that it cannot be done. While the defendant here was entitled, being indigent, to the appointment of counsel to represent him,[2] such right can be waived. This court has made it clear that such waiver must be intelligently, voluntarily and understandingly made.[3] Additionally, such waiver must be definite, unequivocal and unconditional. Here it is true that the trial court made it very clear that, if the appointed counsel was to leave the case, no replacement counsel would be appointed. However, the colloquy between court and defendant makes it equally clear that the then minor defendant ". . . advised the court that his father . . . is going to obtain counsel for him." Even if such evident expectation is not given the status of a condition or limiting clause to requesting the discharge of appointed counsel, it is clear that the defendant was acting in reliance upon such expectation. At the least, this expectation of father-provided counsel put the trial court on notice that the defendant anticipated that he would appear in court on the trial date with privately retained counsel. If the right of discharge were exercisable by the defendant, it might be argued that the firm statement that "under no circumstances" would another court-provided attorney be appointed would put the risk of appearing without counsel upon the defendant, even a minor defendant. But where the decision as to whether the serving appointee counsel was to be "discharged" or released from further service was for the judge to make, his alternatives were not limited to immediate termination of services or directing appointed counsel to serve as trial counsel. Here the trial court might

---

[2] *See Powell v. Alabama* (1932), 287 U. S. 45, 68, 69, 53 Sup. Ct. 55, 77 L. Ed. 158. *See also*: *Gideon v. Wainwright* (1963), 372 U. S. 335, 83 Sup. Ct. 792, 9 L. Ed. 2d 799.

[3] *Browne v. State* (1964), 24 Wis. 2d 491, 129 N. W. 2d 175, 131 N. W. 2d 169.

have set a time limit for the father to provide retained counsel and made the relieving of appointed counsel effective and contingent upon another attorney taking over the defense within such limited period of time. This would have kept the appointed attorney in the lineup until his late-inning substitute took over the position. It would have insured against the position being left unfilled at the time of trial.

The trial court, at the time of considering defendant's request that appointed counsel's services be terminated, stressed the cost to the public involved in substitution of counsel in criminal cases. This is a proper public policy factor to consider. So is the impact upon the timely processing of criminal cases.[4] However, as to

---

[4] "b. **Successor counsel**

"The need to appoint successor counsel may arise either because leave to withdraw has been granted at the request of the lawyer initially appointed or because the defendant presents a request that the lawyer initially appointed be replaced. There are numerous cases which hold that the defendant cannot dictate his choice of appointed counsel merely by requesting the court to appoint a different lawyer from the one initially provided by the court. *E.g.*, People v. Hughes, 57 Cal. 2d 89, 17 Cal. Rptr. 617, 367 P. 2d 33 (1961); People v. Gray, 33 Ill. 2d 349, 211 N. E. 2d 369 (1965). A motion by the defendant to substitute another appointed lawyer for the one initially appointed is addressed to the sound discretion of the court. Smith v. United States, 353 F. 2d 838 (D. C. Cir. 1965). It has been suggested that where a breakdown in the relation between attorney and client has occurred as the result of a misunderstanding between them it would be appropriate to relieve the lawyer of his appointment and appoint another lawyer. Smith v. United States, supra. Since a relationship of mutual confidence between lawyer and client is important to the lawyer's fulfillment of his professional functions, where good cause is shown by the defendant why that confidence does not exist the court should substitute counsel. Of course, the defendant should not be permitted to use this opportunity as a device to obstruct the orderly processes of the courts. If a last-minute motion for substitution of counsel is made for the purpose of delay, the court can recog-

standards set and procedures followed, the very fundamental nature of the right to counsel must be kept in mind in the choice between alternatives.[5] Here the trial court appointed competent counsel for the defendant on postconviction motions and for this appeal. Conformity to constitutional requirements, finality of outcome and the taxpayers' interests would all have been better served if the appointment of such counsel had been for the trial, instead of after it was over. For finding that the defendant was not entitled to counsel at the time of trial requires that the order be reversed, the judgment vacated and a new trial ordered.

*By the Court.*—Order reversed, and cause remanded for further proceedings.

nize it as such and either refuse to make a new appointment or deny a continuance if one is made. *Cf.* Cleveland v. United States, 116 U. S. App. D. C. 188, 322 F. 2d 401 (D. C. Cir.), *cert. denied,* 375 U. S. 884 (1963)." *Standards Relating to Providing Defense Services,* American Bar Association Project on Minimum Standards for Criminal Justice, at pages 50, 51.

[5] ". . . The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial. . . ." *Glasser v. United States* (1942), 315 U. S. 60, 76, 62 Sup. Ct. 457, 86 L. Ed. 680.