STATE of Wisconsin, Plaintiff-Respondent,

v.

Harry WOODS, Defendant-Appellant.†

Court of Appeals

*No. 87–1482–CR. Submitted on briefs March 16, 1988.—
Decided April 13, 1988.*

( Also reported in 424 N.W.2d 730.)

† Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Waring R. Fincke,* of *Dvorak & Fincke, S.C.,* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *William L. Gansner,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Harry Woods appeals from a conviction of burglary as a party to the crime. Woods raises two issues on appeal. First, Woods argues that he was erroneously deprived of his right to counsel. Second, Woods argues that the trial court erred by failing to render a decision on a motion to suppress. We reject Woods' arguments and affirm the judgment.

Although the underlying facts of the burglary charge against Woods are relatively simple, the procedural history of the case is more complex.

In December of 1984, Woods was represented by Attorney Cynthia Pierce of the public defender's office. Pierce filed a number of motions, including a suppression motion. That motion, if not abandoned, was at least not pursued before Woods went to trial. Woods was found guilty following a bench trial. At sentencing, Pierce persuaded the trial court to reopen the case and to hear additional testimony. Pierce had to withdraw, however, because Woods implicated another man who was represented by Pierce's husband, Richard Johnson, also of the public defender's office.

Attorney Michael Neu was then appointed to represent Woods in the spring of 1985. The additional testimony was taken and Woods was again found guilty of the burglary charge.[1]

Woods, now represented by Attorney Donald Lang of the public defender's office, brought a post-conviction motion for a new trial alleging that he had not properly waived his right to a jury trial. A new

---

[1]Woods was also charged with possession of burglarious tools. That charge was dismissed and was not reinstated.

trial was granted and Neu was reinstated as Woods' counsel.

In February or March 1986, Neu asked to withdraw as Woods' counsel indicating that Woods wanted a different attorney. The trial court granted this request. Attorney John Wargo was then appointed as Woods' attorney but he withdrew in June of 1986, indicating that Woods refused to follow his advice as to how the trial should be conducted. The court also granted this request but admonished Woods that he could not pick and choose the lawyer he wanted, that the court had allowed him to change lawyers twice, and that Woods would either try the case on July 7 with a newly appointed attorney or try it himself.

On July 7, however, Woods appeared *pro se,* unwilling to proceed with a public defender but also refusing to waive his right to counsel. Despite its earlier warning to Woods, the trial court relented and granted Woods a further adjournment to obtain another attorney. After a discussion with the public defender's office, Woods agreed to accept Attorney John Rhiel, also of the public defender's office, as his new counsel. However, Woods did not appear at office appointments scheduled by Rhiel and otherwise did not cooperate with Rhiel.

A trial had been scheduled for August 27, 1986. On August 26, Rhiel was forced to move for an adjournment because of the lack of contact and cooperation on the part of Woods. Rhiel also brought a motion to withdraw as counsel for Woods.

Because the trial court had a conflict with the August 27, 1986 trial date, the court granted Rhiel's request for an adjournment. The court, however, would not allow Rhiel to withdraw.

When the case finally proceeded to trial on October 9, 1986, Woods indicated that he did not want Rhiel to represent him. The trial court permitted Woods to represent himself but also required that Rhiel act as standby counsel to Woods. Woods was found guilty by a jury and now appeals.

On appeal, Woods argues that the trial court failed to obtain a proper waiver of counsel. *See State v. Sugden,* 137 Wis. 2d 367, 374, 404 N.W.2d 126, 128–29 (Ct. App. 1987) *rev'd on other grounds,* 143 Wis. 2d 728, 422 N.W.2d 624 (1988). Alternatively, Woods contends that the trial court failed to make a proper record under *Pickens v. State,* 96 Wis. 2d 549, 563–64, 292 N.W.2d 601, 609 (1980), reflecting Woods' deliberate choice to proceed *pro se.* These arguments raise constitutional fact issues concerning the right to counsel and the right to proceed *pro se.* We review such issues independently as a question of law. *State v. Cloud,* 133 Wis. 2d 58, 61, 393 N.W.2d 123, 125 (Ct. App. 1986).

Woods' argument, if correct, would place a trial court in an impossible situation. First, Woods argues that the court should have obtained a valid waiver of counsel when Woods himself concedes that he was not willing to do so. Alternatively, Woods argues that the court should have obtained an indication of Woods' deliberate choice to proceed *pro se* when, again, Woods concedes that he was not willing to do so. The trial court cannot be held to such unattainable requirements.

What Woods conveniently overlooks is that this case cannot be decided solely on the basis of whether the trial court made a sufficient record of either Woods' waiver of counsel or his deliberate choice to

proceed *pro se.* Rather, this case must also address considerations of the orderly and efficient administration of justice.

An indigent defendant is entitled to competent counsel but that does not mean counsel of his or her own choosing. *See State v. Johnson,* 50 Wis. 2d 280, 283, 184 N.W.2d 107, 109 (1971). Also, this right to counsel cannot be manipulated so as to obstruct the orderly procedure of the courts or to interfere with the administration of justice. *State v. Scarbrough,* 55 Wis. 2d 181, 187, 197 N.W.2d 790, 793 (1972).

The procedural history reflected in this case is not uncommon in criminal cases. Numerous and successive attorneys have represented Woods but, with the exception of Attorney Pierce, have been unable to provide representation satisfactory to Woods. When the trial court became convinced that the orderly and efficient progression of this case was being frustrated by Woods' repeated dissatisfaction with his successive attorneys, the court, in the proper exercise of its discretion, required the case to go to trial without further adjournment.

The trial court properly forewarned Woods at the time of Attorney Wargo's departure that the case would proceed to trial on the next scheduled trial date with any attorney then representing Woods or on a *pro se* basis. Therefore, when the case came to trial on October 9, 1986 and Woods indicated that he no longer wanted Rhiel to represent him, the trial court did not misuse its discretion in trying the case on that day and requiring Woods to proceed *pro se.*

In such a situation, a waiver of counsel and the deliberate choice to proceed *pro se* occurs, not by

virtue of a defendant's express verbal consent to such procedure, but rather by operation of law because the defendant has deemed *by his own actions* that the case proceed accordingly.

■ Woods also argues that the trial court erred when it failed to render a decision on a suppression motion filed by Attorney Pierce prior to Woods' first trial. As stated earlier, the motion was not pursued prior to or at Woods' first trial. None of Woods' subsequent attorneys, nor Woods himself, attempted to resurrect this motion after Woods was awarded a new trial. Objectively viewing the history of this case, the only reasonable conclusion is that Woods, or his attorneys, chose not to pursue the motion to suppress after it was filed. The motion was effectively abandoned.

■ With respect to evidentiary issues, we have held that an attorney's basis for the admissibility of testimony must be made "with some prominence" so that the trial court might be alerted as to the grounds actually being asserted for admissibility. *See State v. Salter,* 118 Wis. 2d 67, 79 346 N.W.2d 318, 324 (Ct. App. 1984). The same logic applies here. The original trial was conducted before Judge Emmanuel Vuvunas and the subsequent proceedings were before Judge Stephen Simanek. Not having pursued his motion to suppress before Judge Vuvunas, Woods failed to indicate with any prominence to Judge Simanek that he wanted the motion addressed.

*By the Court.*—Judgment affirmed.