STATE of Wisconsin, Plaintiff-Respondent,

v.

Hircio M. BATISTA, Defendant-Appellant.

Court of Appeals

*No. 92–0730–CR. Submitted on briefs August 5, 1992.—Decided October 21, 1992.*

(Also reported in — N.W.2d —.)

691

694

On behalf of the defendant-appellant the cause was submitted on the briefs of *Mark G. Sukowaty* of *Sukowaty Law Office* of Madison.

On behalf of the plaintiff-respondent the cause was submitted on the brief of *Michael C. Griesbach,* assistant district attorney.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J.   Hircio M. Batista appeals from a judgment of conviction for operating a motor vehicle after revocation of his operating privileges (OAR) in violation of sec. 343.44(1), Stats., and from an order denying his motion for a new trial. He contends that he was denied his sixth amendment right to counsel when the trial court required him to represent himself at trial after permitting appointed counsel to withdraw from representation. Because we conclude that the trial court erred in permitting counsel to withdraw without a hearing, we reverse and remand.

On August 1, 1991, the state issued a criminal traffic complaint alleging that for the eighth time in five years Batista operated a motor vehicle after revocation of his operating privileges. A bail hearing was held and Batista was released on his own recognizance and ordered to report for his initial appearance on August 26, 1991. Batista failed to appear on August 26 and a traffic warrant was issued by the trial court. On September 3, 1991, the state public defender appointed staff attorney Laurence Walsh to represent Batista. The warrant was can-

celed when Batista and his attorney voluntarily appeared on September 3. Shortly thereafter, Walsh filed a discovery demand and pretrial motions; a hearing was scheduled for October 30.

On October 10 Walsh filed a "Petition to Withdraw as Counsel of Record" setting forth as grounds "that defendant refuses my pleas to come to office to discuss case. I have sent letters and telephone calls as well as personal pleas." Without notice to Batista or the state, the trial court signed and filed the order permitting Walsh to withdraw on October 11.

Batista appeared in court on October 30 and was informed by the trial court that a jury trial on the traffic complaint would be conducted that day. Batista told the trial court that he did not learn that Walsh had withdrawn until a week earlier and that he had contacted a law firm to represent him but had not been able to raise the retainer. The trial court explained to Batista that it had relieved Walsh of his duty to represent Batista because the trial court had concluded that it was Batista's fault that Walsh could not contact him to prepare for the hearing on pretrial motions. In response to the trial court's inquiry whether he had any good reason why he did not stay in contact with his attorney and cooperate, Batista said there was some kind of misunderstanding and a lack of communication.

After exploring why Batista had failed to keep in contact with the trial court, as required by the conditions of the personal recognizance bond, the trial court ruled:

> Well, in attempting to contact another attorney late yesterday, the day before trial, just is not timely. I'm going to find that you have waived your right to an attorney. You had an attorney, you failed to cooperate. You didn't take timely and reasonable steps after

your counsel was relieved of his responsibility to retain new counsel. You did not ask the Court for an adjournment so that you could hire another attorney. I think we're prepared to try the case today. We have a jury present and so you'll have to decide if you want a trial at this time. We'll be ready to proceed in about ten minutes. I'd have to pull the jury instructions.

The trial court then asked Batista if he was going to change his plea or have a jury trial. Batista answered:

Well, your Honor, actually I don't know. I don't have the knowledge to actual [sic] make a decision on my own. I don't know what to do. I mean I don't know what to do.

The trial court called the case for trial, Batista represented himself and the jury returned a guilty verdict. After sentencing, appellate counsel was appointed by the state public defender and a motion for postconviction relief, pursuant to secs. 809.30 and 974.02, Stats., was filed.

The trial court declined to grant Batista's request for a new trial based on the contention that the trial court had denied Batista his right to counsel. In denying the motion, the trial court found that Batista had not cooperated with his appointed trial attorney, had not promptly sought to retain other counsel, had failed to stay in contact with the trial court and had not asked the court for an adjournment so that he could retain counsel. The trial court concluded, under *State v. Woods,* 144 Wis. 2d 710, 424 N.W.2d 730 (Ct. App. 1988), that by not taking any good faith action to bring the case to a conclusion Batista had waived his right to counsel by operation of law. Batista appeals from the denial of his motion for a new trial.

■■■

The sixth amendment to the United States Constitution and art. I, § 7 of the Wisconsin Constitution provide that in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel. This right is so fundamental that the trial court has a constitutional obligation to insure that each defendant is represented by counsel. *See State ex rel. Dressler v. Circuit Court,* 163 Wis. 2d 622, 633, 472 N.W.2d 532, 537 (Ct. App. 1991). These constitutional provisions are not concerned with who the counsel may be or how the counsel may be selected. *Phifer v. State,* 64 Wis. 2d 24, 29, 218 N.W.2d 354, 357 (1974). A defendant may retain his or her own attorney, id. at 29–30, 218 N.W.2d at 357, or the trial court may fulfill its nondiscretionary duty and appoint counsel for an indigent defendant. *Dressler,* 163 Wis. 2d at 633, 472 N.W.2d at 537.

The fundamental nature of the right to counsel supports an important axiom: The right to counsel does not sanction a defendant's attempts to manipulate that right in an effort to thwart and obstruct the orderly procedure for trial or to interfere and disrupt the administration of justice. *Rahhal v. State,* 52 Wis. 2d 144, 148, 187 N.W.2d 800, 803 (1971). A defendant cannot insist on this right where it will impede the trial court in the control of its calendar or deprive the trial court of the inherent power to conduct its business in a prompt and efficient manner. *Phifer,* 64 Wis. 2d at 30, 218 N.W.2d at 357. The logical corollary of this axiom is that retained or appointed counsel cannot manipulate the defendant's rights in an effort to frustrate the trial court's conduct of its business or to deprive the defendant of counsel.

■■■

The conflict between the fundamental right to counsel and the inherent power of the trial court to control its

calendar and conduct its business in the public interest
is nowhere more apparent than when counsel—whether
retained or appointed—seeks to withdraw from repre-
sentation of a defendant. It is a cardinal rule that once
representation is undertaken, counsel cannot walk away
from the defendant or from the case. *State v. Johnson,*
50 Wis. 2d 280, 283, 184 N.W.2d 107, 109 (1971). If
counsel wishes to be released from responsibility to the
defendant, counsel must request the trial court to be
relieved of his or her obligation to represent the defen-
dant. *Id.* The request should not automatically be
granted; rather, "good cause" is required to permit the
withdrawal of counsel. Therefore, a request to withdraw
is addressed to the sound discretion of the trial court.
*State v. Haynes,* 118 Wis. 2d 21, 27, 345 N.W.2d 892, 896
(Ct. App. 1984).

The trial court's exercise of discretion in deciding
whether or not counsel should be permitted to withdraw
contemplates factual findings based upon an examina-
tion of all the facts and an application of the facts to the
proper legal standards. *See State v. Dwyer,* 143 Wis. 2d
448, 457, 422 N.W.2d 121, 124 (Ct. App. 1988). Among
other things, the trial court must consider the amount of
preparation that has been completed, the cost to the
public, and the need to avoid delay and dilatory tactics.
*Johnson,* 50 Wis. 2d at 283, 184 N.W.2d at 109. "A
discretionary decision which does not demonstrate con-
sideration of the facts on which the court's reasoning
should be based is an abuse of discretion." *State v.
Kazee,* 146 Wis. 2d 366, 372, 432 N.W.2d 93, 96 (1988).

Applying these general principles to the facts in this
case leads us to the conclusion that the trial court abused
its discretion in granting Walsh's *ex parte* petition to

699

withdraw as appointed counsel for Batista. The petition presented only unsubstantiated allegations that there had been a breakdown in communication between Walsh and Batista. The trial court's order did not include any indication that it exercised its discretion; there is nothing in the record that leads us to conclude that the trial court considered all of the facts and applied those facts to the proper legal standards. At the time the decision was made to permit Walsh to withdraw, the necessary facts were not available to the trial court upon which to reason. *See Haynes,* 118 Wis. 2d at 28, 345 N.W.2d at 896.

■

On the day of the jury trial, the trial court told Batista that it had concluded that the breakdown in communication between Batista and Walsh was primarily Batista's fault. After the trial court made this statement, Batista explained his side of the story. According to Batista, he went to his attorney's office for a meeting that was canceled because counsel had "misplaced" the appointment. Because he did not have any transportation to his counsel's office Batista called to cancel the rescheduled appointment. Finally, Batista missed the again rescheduled appointment because he was in physical therapy in Milwaukee and could not get to Manitowoc in time. Batista concluded by telling the trial court that he did not see his counsel, not because he did not want to but because he could not. A court which reaches a conclusion as to who is at fault for the breakdown in attorney-client representation before permitting the client to explain the situation has not properly exercised its discretion.

■

We also conclude that Batista was denied basic due process when the trial court considered Walsh's *ex parte*

petition to withdraw. The fundamental nature of Batista's constitutional right to counsel gives him basic due process rights when any action of the trial court will impinge upon that right. *See In re S.D.R.,* 109 Wis. 2d 567, 572–73, 326 N.W.2d 762, 765 (1982). At a minimum, Batista was entitled to notice that his defense counsel wanted to be relieved from the responsibility of representing Batista; and, Batista was entitled to a meaningful opportunity to be heard before the trial court acted on the request. *See Neylan v. Vorwald,* 121 Wis. 2d 481, 488, 360 N.W.2d 537, 540 (Ct. App. 1984).[1]

[1] In holding that a hearing must be conducted on defense counsel's motion or petition to withdraw, we are not unmindful of the extraordinary demands placed on the criminal trial courts of this state. From experience, we are well aware that all too often defendants seek to manipulate their right to counsel so as to delay the inevitable. The appellate courts of this state have long recognized that defendants cannot be permitted to misuse their right to counsel so as to seriously interfere with the administration of criminal justice and the orderly and efficient scheduling and trying of cases. *See Rahhal v. State,* 52 Wis. 2d 144, 147–48, 187 N.W.2d 800, 803 (1971). Despite these concerns about defendants' exploitation of the right to counsel at the cost of the efficient administration of justice, we have resolved that the constitutional right to counsel requires a hearing before appointed or retained counsel is permitted to abandon representation of the defendant.

The admirable goal of improving the administration of criminal justice must be delicately balanced with the defendant's constitutional right to counsel. On one hand the trial courts cannot have a myopic insistence upon expeditiousness; but, on the other hand, a defendant cannot be allowed to insist upon unreasonable delay or inconvenience in the completion of his or her case. *See Phifer v. State,* 64 Wis. 2d 24, 30–31, 218 N.W.2d 354, 357–58 (1974) (citations omitted). We cannot offer a mechanistic formula that will flawlessly perform this delicate balancing act.

701

We have previously recognized that defense counsel may be permitted to withdraw when there is a complete breakdown in communication between the defendant and counsel that will substantially harm the defendant. *See State v. Clifton,* 150 Wis. 2d 673, 684, 443 N.W.2d 26, 30 (Ct. App. 1989). This conclusion is mandated because the relationship between a defendant and a defense counsel is a highly confidential one, demanding personal faith and confidence in order that they may work together harmoniously. *See Phifer,* 64 Wis. 2d at 30, 218 N.W.2d at 30. Walsh's petition does not contain any information that would support a finding or a reasonable inference that Batista's failure to keep appointments between September 3 and October 10 would cause irreparable harm to Batista. At the most, the petition supports a conclusion that the attorney-client relationship was not all that harmonious. A minimal due process hearing, before granting Walsh's petition to withdraw, would have permitted the trial court to explore the damage done to the attorney-client relationship, whether that relationship could be repaired, the extent of Walsh's pretrial preparation, the cost to the public and whether Walsh's request was a dilatory tactic.

An additional benefit of a hearing on the petition to withdraw is that the trial court can impose conditions on the granting of the petition. For example, the relieving of Walsh could have been made effective and contingent upon another attorney taking over the defense within a set time limit. Conditions could have insured that Batista had representation and that the trial court's inherent power to control its calendar remained unimpaired. *See Johnson,* 50 Wis. 2d at 284–85, 184 N.W.2d at 109.

Walsh's actions in filing an *ex parte* motion present other problems. Although these problems would not warrant a reversal of Batista's convictions, they underscore the need for the trial court to conduct a hearing on a petition to withdraw. First, Walsh did not notify Batista that he was seeking an order from the court permitting him to withdraw from representation. Rather, approximately one week after the trial court granted Walsh's request, Walsh wrote Batista to tell him that he was no longer Batista's attorney and that a jury trial was scheduled for thirteen days later. The "Rules of Professional Conduct for Attorneys" requires a lawyer to keep a client reasonably informed about the status of a matter. SCR 20:1.4(a) (West 1992). This would clearly include advance notice of a petition to withdraw as counsel of record.

Second, Walsh also failed in his duty to insure that Batista's interests were protected after he had withdrawn as counsel. SCR 20:1.16(d) (West 1992) imposes a duty upon a withdrawing attorney to protect the client's interests; the rule suggests that the attorney give the client reasonable notice, allow time for the client to retain a new attorney and promptly surrender the client's file to the new attorney. The after-the-fact letter Walsh sent to Batista falls short of Walsh's obligation to protect the interests of his client.

We conclude that a minimal due process hearing would insure that a defendant has notice of the status of his or her constitutionally mandated legal representation, a defendant's interests are protected, and withdrawing counsel fulfills his or her duties as set forth in the "Rules of Professional Conduct for Attorneys."

Finally, the office of the state public defender (SPD) must share some of the blame for Batista not having trial counsel available for the jury trial. The administrative rules of the SPD contemplate the withdrawal of trial counsel and the appointment of successor counsel.

> In the event the court . . . authorizes an attorney to withdraw as counsel, the state public defender *shall assign* the attorney who next appears on the top of the appropriate certification list and place the original attorney's name on the top of that list. In the event the attorney discharged is a staff public defender, a private attorney may be appointed.

Wis. Adm. Code sec. **SPD 2.04**(2) (emphasis added). Inexplicably, the SPD blundered when its staff attorney withdrew from representation of Batista and it failed to appoint successor counsel. This rule places an affirmative duty on the SPD to appoint successor counsel and not on the suddenly unrepresented defendant to seek a new attorney. Walsh's after-the-fact letter suggesting that if Batista wanted another attorney from the SPD that Batista contact the office did not relieve the SPD from its affirmative duty to protect Batista's interests by the appointment of successor counsel.

We hold that Batista's conviction for OAR must be reversed and this case remanded to the trial court for a new trial. The trial court erred when it granted Walsh's *ex parte* petition to withdraw as counsel without giving Batista notice of the petition and a meaningful opportunity to be heard. The trial court abused its discretion when it made the decision to grant the petition to withdraw because at that time there were no facts available

from which the trial court could have conducted a meaningful exercise in reasoning.

*By the Court.*—Judgment and order reversed and cause remanded.