STATE of Wisconsin, Plaintiff-Respondent,

v.

Mark A. COLEMAN, Defendant-Appellant.

Court of Appeals

*Nos. 01–2201–CR, 01–2202–CR. Submitted on briefs March 4, 2002.—Decided March 26, 2002.*

2002 WI App 100

(Also reported in 644 N.W.2d 283.)

693

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Margarita Van Nuland* of *Parke O'Flaherty, Ltd.*, La Crosse.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Gregory M. Weber*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.   Mark Coleman appeals the sentencing portions of judgments convicting him of intentionally causing bodily harm to a child and bail jumping, contrary to WIS. STAT. §§ 948.03(2)(b) and 946.49(1)(b), both as a habitual criminal. *See* WIS. STAT. § 939.62(1)(a). Coleman argues that he was denied his right to counsel when the circuit court required him to represent himself at sentencing. We conclude that the record is insufficient to support a conclusion that Coleman forfeited his right to counsel and was competent to proceed without counsel. Therefore, we reverse the sentence and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶ 2.   In June 2000, Coleman was charged with two counts of intentionally causing bodily harm to a child, two counts of bail jumping, one count of battery, and one count of disorderly conduct. A public defender represented Coleman.

¶ 3.   At the time scheduled for the preliminary hearing, Coleman requested new counsel. He said his attorney was always "too busy" to talk to him. Counsel

697

indicated Coleman thought the attorney was not prepared to question witnesses. The court granted the request, stating it did not want to set up the attorney for an ineffective assistance claim. The following appears on the record:

> THE COURT: And you have to understand, Mr. Coleman, with the appointment of attorneys that's two strikes and you're out so if you don't like the second one, then you go it alone. You understand that?
>
> THE DEFENDANT: If I don't like the second one – I beg your pardon, sir?
>
> THE COURT: If you don't like the second attorney then you go it alone.
>
> THE DEFENDANT: Can I just go buy an attorney?
>
> THE COURT: Hire one of your own?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Sure, if you've got the money.
>
> THE DEFENDANT: Thank you very much.

¶ 4. On August 22, 2000, Coleman appeared at the preliminary hearing with his second attorney, John Bachman. The circuit court found probable cause to bind Coleman over for trial and set the arraignment date for August 29.

¶ 5. At the arraignment, pursuant to a plea agreement, Coleman pled no contest to one count of intentionally causing injury to a child and one count of bail jumping, both as a habitual criminal. Coleman submitted a signed guilty plea and waiver of rights form to the circuit court. The court accepted his pleas and found him guilty. Sentencing was scheduled for October 13, 2000.

¶ 6.  Before sentencing, Coleman requested a two-week continuance to obtain medical records that he believed could be of benefit for sentencing arguments.[1] The circuit court granted a continuance until October 31, 2000. On that date, Coleman informed the court that the medial records had not been received. The court informed Coleman that if he thought the records would help, the court would postpone the sentencing. Coleman then asked for another continuance, and the sentencing was rescheduled for December 1.

¶ 7.  Two days before the rescheduled sentencing hearing, defense counsel filed a motion to withdraw. The record of the motion hearing follows:

MR. BACHMAN:  Mr. Coleman doesn't want me to continue on this case and I don't think I should either. I'd ask to be allowed to withdraw in this case. The public defenders will not appoint another attorney for Mr. Coleman in this case. It's apparently set for sentencing on Friday.

THE COURT:  All right, I'll relieve you of your responsibility.

That's what you want Mr. Coleman?

THE DEFENDANT:  Sure.

THE COURT:  You don't want Mr. Bachman?

THE DEFENDANT:  I feel he's not in my best interest.

THE COURT:  All right. Well, whatever.

Do you want to proceed to represent yourself then at sentencing?

---

[1] Coleman believed that he suffered some memory problems and some problems controlling his temper as the result of a serious injury.

THE DEFENDANT: No. I think I need an attorney.

THE COURT: Well, you know, it's – how many have you had?

THE DEFENDANT: Him.

MR. BACHMAN: He fired Ms. Liedtke before.

THE DEFENDANT: At the very beginning of the case they give me Liedtke and I don't want Liedtke because I didn't think, she didn't do anything.

THE COURT: Well, Mr. Bachman, I would ask you to do this for me. See if you can tell the public defenders what's gone on. If they won't appoint anybody, fine, then we'll have the sentencing December 1st at three o'clock and you're on your own then, Mr. Coleman. If they will then that's fine. We can reschedule the sentencing.

MR. BACHMAN: I'll try to persuade them to do that.

¶ 8. Coleman appeared at the sentencing hearing without an attorney. He indicated that he still wished to have an attorney. The circuit court denied the request because "this matter's gone on long enough and I think that the delays and some of the problems that have occurred have occurred because of your attitude and your unwillingness to cooperate with people you had trying to help you."

¶ 9. The circuit court sentenced Coleman to five years in prison for intentionally causing harm to a child, followed by five years' extended supervision and five years in prison for bail jumping, followed by five years' extended supervision. The sentences were to be served consecutively.

## STANDARD OF REVIEW

¶ 10. Whether Coleman was deprived of his constitutional right to counsel is a question of constitu-

tional fact that we review independently of the circuit court. *See State v. Cummings*, 199 Wis. 2d 721, 748, 546 N.W.2d 406 (1996). Questions of "constitutional fact" are not actually "facts" in themselves, but are questions which require the "application of constitutional principles to the facts as found . . . ." *State v. Woods*, 117 Wis. 2d 701, 715, 345 N.W.2d 457 (1984) (citation omitted).

## DISCUSSION

■

¶ 11.　A criminal defendant in Wisconsin is guaranteed the right to counsel by both article I, section 7 of the Wisconsin Constitution and the Sixth Amendment to the United States Constitution. *Cummings*, 199 Wis. 2d at 747–48. The right to counsel is necessary to ensure that a criminal defendant receives a fair trial, that all defendants stand equal before the law and ultimately that justice is served. *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963).

¶ 12.　Coleman argues that he was denied his right to counsel when the circuit court required him to represent himself at sentencing. Specifically, Coleman contends that the court erred by: (1) failing to determine whether he waived counsel knowingly, voluntarily, and intelligently; and (2) failing to determine whether he was competent to proceed without counsel.[2]

---

[2] Coleman also argues that the circuit court erred by refusing to grant Coleman's request for additional time to obtain counsel. Because our resolution of the previous issues is dispositive of the appeal, we do not address this argument. *Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).

¶ 13.  When a defendant elects to proceed without counsel, the circuit court must insure that the defendant: (1) has knowingly, intelligently and voluntarily waived the right to counsel; and (2) is competent to proceed without counsel. *State v. Klessig*, 211 Wis. 2d 194, ¶ 9, 564 N.W.2d 716 (1997). To establish the first prong, the circuit court must conduct a colloquy designed to ensure that the defendant: (1) made a deliberate choice to proceed without counsel; (2) was aware of the challenges and disadvantages of self-representation; (3) was aware of the seriousness of the charges; and (4) was aware of the general range of penalties that could be imposed. *Id.* at ¶ 14.

¶ 14.  If a court determines that the defendant knowingly, intelligently and voluntarily waived the right to the assistance of counsel, the court must next determine whether the defendant is competent to proceed without counsel. *Id.* at ¶ 27. Factors to consider in making this second determination include the defendant's education, literacy, fluency in English, and any physical or psychological disability that may significantly affect his or her ability to communicate. *Id.* at ¶ 24.

A. Waiver/Forfeiture

¶ 15.  Here, the State concedes that Coleman did not knowingly and intelligently waive his right to counsel. The record is clear that Coleman repeatedly indicated that he wanted counsel after the circuit court allowed his second counsel to withdraw. Instead, the State argues that Coleman forfeited the right to counsel by virtue of his conduct.

¶ 16. A defendant may, by his or her conduct, forfeit the right to counsel. *Cummings*, 199 Wis. 2d at 756.

> In such a situation, a waiver of counsel and the deliberate choice to proceed *pro se* occurs, not by virtue of a defendant's express verbal consent to such procedure, but rather by operation of law because the defendant has deemed *by his own actions* that the case proceed accordingly.

*State v. Woods*, 144 Wis. 2d 710, 715–16, 424 N.W.2d 730 (Ct. App. 1988). These situations are unusual, "most often involving a manipulative or disruptive defendant . . . ." *Cummings*, 199 Wis. 2d at 752 (citation omitted).

¶ 17. The right to counsel cannot be manipulated to obstruct the orderly procedure for trial or to disrupt the administration of justice. *Rahhal v. State*, 52 Wis. 2d 144, 148, 187 N.W.2d 800 (1971). The triggering event for forfeiture is when the "court becomes 'convinced that the orderly and efficient progression of [the] case [is] being frustrated' " by the defendant's repeated dissatisfaction with his or her successive attorneys. *Cummings*, 199 Wis. 2d at 753 n.15 (citing *Woods*, 144 Wis. 2d at 715).

¶ 18. However, forfeiture cannot occur simply because the effect of the defendant's conduct is to frustrate the orderly and efficient progression of the case. The defendant must also have the purpose of causing that effect.

¶ 19. Thus, in *Keller v. State*, 75 Wis. 2d 502, 249 N.W.2d 773 (1977), a defendant who had been previ-

ously represented by an attorney did not have counsel on the trial date. The court concluded that the case would proceed to trial because the trial had been set for three months and the witnesses and jury were ready. *Id.* at 505–06. Our supreme court reversed because the record contained "no evidence that the change of counsel was made for the purpose of delay or to manipulate the right to counsel so as to obstruct the orderly procedure for trials or to interfere with the administration of justice." *Id.* at 506. The court held that when considering forfeiture of the right to counsel, all "inquiries into the nature and intent of those actions and conduct must be pursued prior to imposing upon the defendant with the consequences of waiver." *Id.* at 509.

¶ 20.   *Cummings* suggests the same conclusion. There, the circuit court allowed two of the defendant's attorneys to withdraw because the attorney-client relationship had been irrevocably damaged due to the defendant's unwillingness to cooperate. *Id.* 749. The court found that the defendant was continuously and unreasonably dissatisfied with each of his attorneys, yet he was unwilling to voluntarily waive his right to counsel. *Id.* at 750–51. The court concluded that the defendant had forfeited his right to an attorney. *Id.* at 756.

¶ 21.   The supreme court affirmed. The court recognized that nonwaiver is presumed. *Id.* at 752. However, the circuit court had characterized the defendant's actions "as merely a tactic . . . to prevent his case from going to trial . . . ." *Id.* at 750–51. The supreme court agreed, concluding that the defendant's "behavior was manipulative and disruptive and that his continued dissatisfaction was based solely upon a desire to delay." *Id.* at 753.

¶ 22. Similar to the procedures suggested for use by a circuit court in accepting a waiver of the right to counsel, *Cummings* recommended that a court contemplating forfeiture make sure that the defendant understands the implications of his or her actions. *Id.* at 756 n.18. In a footnote, the court recommended that in the future, trial courts follow four steps recommended by the dissent for determining when a defendant has forfeited the right to counsel. *Id.* Those steps are to:

(1) [provide] explicit warnings that, if the defendant persists in [specific conduct], the court will find that the right to counsel has been forfeited . . .;

(2) [engage in] a colloquy indicating that the defendant has been made aware of the difficulties and dangers inherent in self-representation;

(3) [make] a clear ruling when the court deems the right to counsel to have been forfeited; and

(4) [make] factual findings to support the court's ruling . . . .

*Id.* at 764 (Geske, J., dissenting).[3]

¶ 23. The State notes that *Cummings* only "recommends" that circuit courts follow the four steps. Even though the circuit court here did not follow those steps, the State argues that there is sufficient evidence in the record to conclude that Coleman forfeited his right to counsel at the sentencing hearing.

¶ 24. First, however, there is no suggestion in the record that Coleman discharged his attorney for the purpose of delaying the proceedings. Further, even if a mental element is not required, we do not agree with

---

[3] See Wis JI—Criminal SM-30 for a helpful discussion of waiver and forfeiture of counsel.

the State that this record supports the extreme remedy of forfeiting Coleman's constitutional right to counsel.

¶ 25. The circuit court was understandably frustrated with Coleman. As the court stated, "[T]his matter's gone on long enough and I think that the delays and some of the problems that have occurred have occurred because of your attitude and your unwillingness to cooperate with people you had trying to help you." However, forfeiture of counsel is a drastic remedy. In *State ex rel. Burnet v. Burke*, 22 Wis. 2d 486, 492, 126 N.W.2d 91 (1964), the supreme court observed:

> "The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused – whose life or liberty is at stake – is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused." To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. (Citation omitted.)

Arguably, a finding of forfeiture imposes an even greater responsibility upon the court.

¶ 26. Here, the trial court made no inquiries into the nature and intent of Coleman's conduct before requiring that Coleman proceed without counsel. *See Keller*, 75 Wis. 2d at 509. The court did not specifically warn Coleman that if he continued to fire his attorneys, his right to counsel would be forfeited. The court did not conduct a colloquy to determine that Coleman understood the difficulties of proceeding without counsel and there was not a clear ruling that Coleman had forfeited his right to counsel.

¶ 27. This case is much different than those where forfeiture has been upheld. For example, in *Woods*, after discharging two attorneys, the trial court warned the defendant "that he could not pick and choose the lawyer he wanted," and that the matter would proceed with a newly appointed attorney or the defendant would have to proceed on the trial date without counsel. *Woods*, 144 Wis. 2d at 713. The defendant persisted in his refusal to allow the third attorney to represent him, and the matter proceeded to trial with the defendant representing himself and the third attorney acting as standby counsel. *Id.* at 713–14.

¶ 28. In *Cummings*, after allowing the defendant's first and third attorneys to withdraw because of the breakdown of the attorney-client relationship, the trial court informed the defendant that his last chance to obtain counsel before trial was conditioned upon contacting the public defender. *Id.* at 757. It was made clear that if the defendant did not contact the public defender's office, then the defendant would be required to proceed without counsel at trial. *Id.*

¶ 29. Here, the circuit court did not specifically warn Coleman that if he discharged his attorney, the court would find that his right to counsel was forfeited. The only warning was given at the preliminary hearing approximately three months before sentencing. And that warning was not clear that Coleman was in danger of altogether forfeiting his right to counsel. Rather, it arguably was a warning that the public defender would not appoint a third attorney.

¶ 30. ˙ Further, the defendants in *Woods* and *Cummings* forfeited their right to counsel shortly before trial. Here, there was not a trial to delay. There were no witnesses or jurors to inconvenience and no large block of trial time to be wasted by delay. The circuit court

707

allowed two previous adjournments to give Coleman the opportunity to secure medical records and gave no warning at those times that there would be no further adjournments. Moreover, the court indicated its willingness to grant a third adjournment if Bachman could prevail upon the public defender to appoint a third attorney for Coleman.

¶ 31.   Finally, Coleman's second attorney was allowed to withdraw without any warning to Coleman about the consequences. Only after the withdrawal did the court indicate Coleman would be on his own if the public defender would not appoint a third attorney. Therefore, we conclude the record is insufficient to support a conclusion that Coleman, by his conduct, forfeited his constitutional right to counsel.

B. Competency

¶ 32.   Coleman argues that the circuit court erred by failing to determine whether he was competent to proceed without counsel.[4] As stated earlier, if a court determines that a defendant knowingly, intelligently and voluntarily waived the right to counsel, the court must next determine whether the defendant was competent to proceed without counsel. *Klessig,* 211 Wis. 2d at ¶ 27. We conclude that the same is true when a circuit court determines that a defendant has forfeited the right to counsel.

¶ 33.   As already noted, in place of an express waiver, a defendant may, by conduct, forfeit the right to counsel. *Cummings,* 199 Wis. 2d at 756. Forfeiture, "by action or conduct, is subject to the same rules as in the

_____

[4] The State does not address this argument.

instance where a defendant verbally informs the court that he wishes to proceed without counsel." *Keller*, 75 Wis. 2d at 509–10.

¶ 34.    Thus, when a defendant engages in conduct meriting forfeiture, the court must determine whether the defendant is competent to proceed without an attorney. The trial court should consider the defendant's education, literacy, fluency in English, and any physical or psychological disability which may significantly affect his or her ability to communicate a possible defense. *Klessig*, 211 Wis. 2d at ¶ 24.

¶ 35.    Nothing in the logic or holdings of the case law suggests that the court is relieved of the responsibility for determining competency in forfeiture of counsel cases. If it were otherwise, we would be left with an anomaly. A defendant could not voluntarily waive counsel unless he or she was competent. Yet, another defendant could waive counsel by forfeiting the right even though that defendant was incompetent. The law cannot countenance this inconsistency. If a defendant cannot voluntarily waive the right to counsel unless competent, neither can a defendant forfeit the right to counsel unless competent.

¶ 36.    We recognize that this places the circuit court in a difficult position. Quite likely, many of the defendants whose conduct merits forfeiting the right to counsel will not cooperate in a meaningful colloquy on competence. Under these circumstances, the court will have to rely on the rest of the record to make a finding. If the record does not establish the defendant's competence, the court cannot require the defendant to pro-

ceed without counsel. The important point is that the defendant's conduct does not relieve the court of the obligation to make a finding whether the defendant is competent to proceed without counsel.

¶ 37.   Here, the circuit court did not inquire or make a finding whether Coleman was competent to represent himself. As a result, it was error to require Coleman to proceed without counsel at the sentencing hearing.

## CONCLUSION

¶ 38.   This case illustrates another peril: how circuit courts must exercise discretion when deciding whether to permit counsel to withdraw. An attorney who represents a defendant in a criminal case may indeed have to continue representing the defendant even after the defendant no longer desires the services of the attorney. An attorney is not entitled to withdraw simply because a defendant makes that request. *See State v. Johnson*, 50 Wis. 2d 280, 283, 184 N.W.2d 107 (1971). This is especially true when the defendant clearly wants to be represented by counsel. In exercising discretion, the court must consider, among other things, the reason for the request, the stage of the proceedings, the amount of preparation that has been completed, the cost to the public and the need to avoid delay. *Id.* The court can impose conditions. For example, it may permit an attorney to withdraw on the condition that another attorney will take over representation within a certain period of time. *State v. Batista*, 171 Wis. 2d 690, 702, 492 N.W.2d 354 (Ct. App. 1992), *overruled in part by Cummings*, 199 Wis. 2d at 749 n.12.

¶ 39.   The circuit court did not find that Coleman forfeited his right to counsel, nor would the record

support that finding. In addition, the court did not find that Coleman was competent to proceed without counsel. Therefore, Coleman's sentence must be vacated. He is entitled to be represented by counsel at resentencing unless he waives or forfeits counsel and is competent to represent himself.

*By the Court.*—Judgments reversed and cause remanded with directions.