State of Wisconsin, Plaintiff-Respondent,
v.
Lue Her, Defendant-Appellant.
Nos. 04-1320-CR, 04-2102-CR.
Court of Appeals of Wisconsin.
Opinion Filed: January 11, 2005.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Lue Her appeals a judgment convicting him of armed robbery, felony theft, armed burglary, criminal damage to property, substantial battery, false imprisonment, and driving a vehicle without the owner's consent. He also appeals an order denying his postconviction motion challenging his no contest pleas on the ground that he was denied his constitutional right to counsel. The State concedes that Her's waiver of counsel did not meet the criteria for a knowing, voluntary, and intelligent waiver set out in State v. Klessig, 211 Wis. 2d 194, 564 N.W.2d 716 (1997). However, the State contends the evidence supports the trial court's conclusion that Her forfeited his right to counsel by his conduct. Because we conclude that the trial court did not adequately inform Her of the conduct it would consider grounds for forfeiture of counsel and did not make Her aware of the difficulties and dangers of self-representation, we reverse the judgment and order and remand the matter for trial or a new plea hearing.
¶2 The state public defender initially appointed attorney Sharon Gisselman to represent Her. After the preliminary hearing, Her discharged Gisselman and the state public defender appointed Richard Voss on April 30, 2001. As of June 22, 2001, Voss had not met with her. On that date, Voss did not appear at a motion hearing because his license to practice law had been suspended for failure to meet continuing education requirements. The court called the state public defender's office and arranged for appointment of another attorney. Although the court indicated that it doubted the public defender's office would appoint another attorney if Her discharged his next attorney, it agreed with the prosecutor that Voss's failure to appear and the need to reschedule the trial were not Her's fault. The court warned that it would not allow a change of attorney to be used as a delaying tactic.
¶3 Voss's license was subsequently reinstated and he was again appointed to represent Her. On November 6, 2001, two weeks before the scheduled trial, Voss moved to withdraw based on Her's demand that he withdraw and Voss's conclusion that it would be unethical for him to present a defense that Her intended to use. After the court informed Her that the public defender "very well may not appoint another attorney to represent [him]," Her stated that he was told the only way he could get another attorney appointed was if Voss would withdraw. The court noted that motions to withdraw are sometimes brought for the purpose of delay "and I'm not indicating that, but I am indicating to you that, in all likelihood, if you change attorneys at this point, the next thing we will see will be a motion to adjourn the trial date, and that very well may have to be granted." The court then warned that if another attorney was appointed and that attorney was also discharged, the court would consider that a delaying tactic and would find that Her "waived" his right to have an attorney. After the prosecutor suggested that discharging Voss was a delaying tactic and requested that the court make clear that the tactic would not work a third time, the court responded that it would deny the motion to discharge Voss if it believed Her's actions were solely for the purpose of delay. The court then advised Her that if the public defender did not appoint another attorney, he would have to hire his own attorney "or go without one." The court allowed Voss to withdraw.
¶4 The state public defender refused to appoint a third attorney to represent Her based on its conclusion that Her fired Voss. In a letter to the court from the public defender's office, the deputy first assistant indicated that Her was apprised of this policy well before Voss withdrew. Approximately three months before his rescheduled trial date, Her asked the trial court to appoint counsel at county expense. The trial court refused to appoint counsel and concluded that Her "forfeited" his right to have an attorney appointed. Her's belief that the court would appoint counsel outside of the public defender system, the court noted, was based on bad advice from a jailhouse lawyer.
¶5 Without counsel, Her ultimately entered no contest pleas to all of the charges. At the plea hearing, the court restated its recollection of the previous hearings involving Her's alleged forfeiture of counsel. The court stated that it felt Her was "manipulating the system" when he discharged Voss two weeks before the scheduled trial.
¶6 Whether Her was deprived of his constitutional right to counsel is a question of constitutional fact that we review without deference to the trial court. See State v. Cummings, 199 Wis. 2d 721, 748, 546 N.W.2d 406 (1996). A defendant may forfeit his right to counsel by his conduct in unusual situations, most often involving manipulative or disruptive behavior. Id. at 752, 756. The right to counsel cannot be manipulated to obstruct the orderly procedure for trial or disrupt the administration of justice. Rahhal v. State, 52 Wis. 2d 144, 148, 187 N.W.2d 800 (1971). The triggering event for forfeiture is when the court becomes convinced that the orderly and efficient progression of the case is being frustrated by the defendant's repeated dissatisfaction with his successive attorneys. Cummings, 199 Wis. 2d at 753 n.15. However, forfeiture cannot occur simply because the effect of the defendant's conduct is to frustrate the orderly and efficient progression of the case. Rather, the defendant must also have the purpose of causing that effect. See State v. Coleman, 2002 WI App 100, ¶18, 253 Wis. 2d 693, 644 N.W.2d 283.
¶7 In Cummings, the court suggested that procedures similar to those used in accepting a waiver of counsel be used when the court considers a defendant's conduct that may result in forfeiture of counsel. Those procedures include: (1) explicit warnings that if the defendant persists in a specific conduct, the court will find that the right to counsel has been forfeited; (2) informing the defendant of the difficulties and dangers inherent in self-representation; (3) a clear ruling when the court deems the right to counsel to have been forfeited; and (4) findings of fact to support the court's ruling. Coleman, 253 Wis. 2d 693 ¶22.
¶8 The trial court did not adequately warn Her that discharging Voss would be viewed as misconduct. The court only suggested that discharging a third attorney would be considered a delaying tactic. At the hearing at which Voss was allowed to withdraw, the court specifically declined to find that Her was motivated by an improper desire to delay his trial. Her did not violate the trial court's only explicit warning, namely that he not discharge a third attorney. At the time the court allowed Her to discharge Voss, it gave no warning and made no finding that firing Voss would be viewed as misconduct and it did not find that Her's purpose was to frustrate the orderly and efficient progression of the case.
¶9 Her's conduct is not comparable to the misconduct in Cummings, where the defendant failed to contact the public defender's office after the court warned that withdrawal of the third attorney was conditioned upon the defendant contacting the public defender. It is also not comparable to the conduct in State v. Woods, 144 Wis. 2d 710, 712-14, 424 N.W.2d 730 (Ct. App. 1988), where the defendant dismissed five court-appointed attorneys, the last one the day before trial. Her discharged his second attorney, Voss, without any warning that the court would consider that action misconduct and he timely sought replacement counsel through the state public defender, and requested a court-appointed attorney three months before his rescheduled trial. Without prior warning, these actions are not sufficiently egregious to support a finding that Her forfeited his right to counsel by his conduct.
¶10 The trial court also failed to warn Her of the difficulties and dangers inherent in self-representation. At a status conference two days before Her entered his no contest pleas, the court stated its recollection that it advised Her before he discharged Voss of "what an attorney could do for him." The State cites that statement to support its argument that Her was aware of the dangers and difficulties of self-representation. However, the record does not support the trial court's recollection. The court did not specifically inform Her at any time of the disadvantages of self-representation.
By the Court.  Judgment and order reversed and cause remanded for trial or a new plea hearing.