COURT OF APPEALS
DECISION
DATED AND FILED

April 20, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2395-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2016CF1547

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

RUDY EARL MCWASHINGTON,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Brown County: JOHN ZAKOWSKI, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Rudy McWashington appeals from a postconviction order permitting appointed postconviction counsel to withdraw

over McWashington's objection. We conclude the order was properly based upon McWashington's forfeiture of counsel, and affirm.

## BACKGROUND

¶2 McWashington was convicted of multiple drug offenses in 2017. In January 2018, the State Public Defender (SPD) appointed attorney Timothy O'Connell to represent McWashington in postconviction proceedings and on appeal. About one year later, O'Connell moved to withdraw as counsel for McWashington. O'Connell alleged that he had identified one or more potential appellate issues with arguable merit, but that McWashington wanted O'Connell to raise additional issues that O'Connell deemed frivolous. As a result, O'Connell felt that he could not ethically proceed.

¶3 In accordance with WIS. STAT. RULE 809.30(4)(b) (2019-20),[1] the SPD advised the circuit court that it would not appoint successor counsel in the event that the court granted O'Connell's motion to withdraw. The SPD noted that the no-merit procedure was unavailable because counsel had identified one or more issues of arguable merit. Therefore, in the SPD's view, McWashington's options were to proceed with O'Connell on the issue(s) O'Connell deemed arguably meritorious, or to proceed without appointed counsel on those issues and others that O'Connell had deemed frivolous.

¶4 McWashington objected to O'Connell's withdrawal motion, accusing him of "attempting to sabotage [his] appeal." McWashington asked the

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

circuit court to order O'Connell to raise the issues McWashington had discussed with him or to file a no-merit report.

¶5 At a hearing on the withdrawal motion, O'Connell clarified that he believed his ethical dilemma was that he could not raise an issue he believed to be frivolous, but if he filed a motion without raising the issues McWashington wanted to raise, those issues would be forfeited against his client's expressed desire. Throughout the hearing, everyone referred to potential issues generically, as A, B, or C, without discussing the merits of the actual issues in dispute. The circuit court advised McWashington that the SPD would not appoint successor counsel (although the court noted it "want[ed McWashington] to have counsel") and a no-merit report could not be filed, so McWashington had to "choose between representation or presenting the full case as [he saw] it." McWashington refused to voluntarily waive his right to counsel, but he also refused to agree that his counsel could file a postconviction motion without raising all the issues McWashington believed should be raised.

¶6 The circuit court subsequently granted O'Connell's motion to withdraw. It observed that O'Connell was "between a rock and a hard place"; that McWashington was entitled to his "day in court" on all of the issues he believed to be important; that McWashington was "an intelligent individual" capable of raising issues on his own; and that the court needed "to move this thing forward." The court then advised McWashington of the difficulty of proceeding pro se, but it made no determination that McWashington had either waived or forfeited his right to postconviction and appellate counsel.

¶7 McWashington now appeals. He asserts that the circuit court's decision to allow O'Connell to withdraw without either appointing successor

counsel or making a determination that an appeal would be frivolous deprived McWashington of his right to appellate counsel.

## DISCUSSION

¶8      The Sixth Amendment to the United States Constitution guarantees the defendant in a criminal action the right to counsel. *See Gideon v. Wainright*, 372 U.S. 335, 339-40 (1963). That right extends to the appointment of counsel for an indigent defendant at public expense on direct appeal. *State v. Thornton*, WI App 294, ¶12, 259 Wis. 2d 157, 656 N.W.2d 45. The right to counsel does not, however, encompass the right to an attorney of one's choice, or the right to insist that particular issues be raised. *State v. Evans*, 2004 WI 84, ¶30, 273 Wis. 2d 192, 682 N.W.2d 784, *abrogated on other grounds by State ex rel. Coleman v. McCaughtry*, 2006 WI 49, ¶29, 290 Wis. 2d 352, 714 N.W.2d 900. In addition, the right to counsel may be relinquished either by an affirmative waiver or by operation of law resulting from the defendant's deliberate actions. *State v. Cummings*, 199 Wis. 2d 721, 756, 546 N.W.2d 406 (1996). We will independently determine as a question of law whether a set of facts establishes a defendant has been deprived of his or her constitutional right to counsel. *Id.* at 748.

¶9      There is no suggestion that McWashington affirmatively waived his right to counsel in this case. *See generally State v. Klessig*, 211 Wis. 2d 194, 206, 564 N.W.2d 716 (1997) (discussing requirements for a valid waiver of counsel). The issue before us is whether McWashington forfeited that right by refusing to choose one of the only two viable options presented to him.

¶10    Forfeiture of the right to counsel arises when a defendant's actions are frustrating the "orderly and efficient progression of the case." ***State v. Suriano***, 2017 WI 42, ¶24, 374 Wis. 2d 683, 893 N.W.2d 543 (citation omitted).

> Scenarios triggering forfeiture include: (1) a defendant's manipulative and disruptive behavior; (2) withdrawal of multiple attorneys based on a defendant's consistent refusal to cooperate with any of them and constant complaints about the attorneys' performance; (3) a defendant whose attitude is defiant and whose choices repeatedly result in delay, interfering with the process of justice[;] and (4) physical or verbal abuse directed at counsel or the court.

***Id.*** (citation omitted).

¶11    Here, the circuit court made no explicit determination that McWashington had forfeited his right to counsel.  We agree with the State, however, that the determination was implicit in the court's decision to permit counsel to withdraw without appointing successor counsel.  This decision was made after the court provided McWashington with multiple opportunities to choose whether to proceed with his appointed counsel on only those issues O'Connell deemed arguably meritorious, or to proceed pro se in order to raise additional issues that O'Connell had deemed frivolous and refused to raise.

¶12    McWashington argues that the circuit court should have refused to allow counsel to withdraw because the record demonstrates that McWashington did not fully understand his options.  In particular, despite the information provided by the SPD, McWashington asserts that he was operating under the mistaken belief that he was at least entitled to a no-merit report, and he did not understand that he potentially could make a subsequent claim of ineffective assistance of counsel if it turned out that O'Connell had incorrectly evaluated the merits of the issues McWashington wanted to raise.  There is no requirement that a

forfeiture be knowingly made, however, and no specific procedure that a court must undertake before making a forfeiture determination.

¶13 Under prior case law, a circuit court was obligated to provide a defendant with a specific warning that the right to counsel would be forfeited if the defendant were to persist in specific conduct, and to ensure the defendant was aware of the difficulties of self-representation and was competent to represent him- or herself before making a clear forfeiture ruling on the record supported by specific factual findings. *See State v. Coleman*, 2002 WI App 100, ¶¶22, 24, 253 Wis. 2d 693, 644 N.W.2d 283, *overruled by Suriano*, 374 Wis. 2d 683, ¶¶32-33. Such requirements, however, were expressly overruled by *Suriano*. *Suriano*, 372 Wis. 2d 683, ¶¶32-33. Under *Suriano,* forfeiture of the right to counsel "occurs by operation of law without the need to ensure a defendant knows he [or she] is losing [the] right and regardless of whether he [or she] intends to do so." *Id.*, ¶33. Therefore, it is irrelevant to our analysis whether McWashington's actions were based upon a misunderstanding of the law. Our focus is on whether the result of McWashington's voluntary and deliberate actions—whatever their intent—was to frustrate the orderly and efficient progression of the case.

¶14 The statutory procedure for appeals in Wisconsin "requires that a defendant make an election to proceed with a state public defender, retain counsel or undertake the appeal pro se." *State v. Redmond*, 203 Wis. 2d 13, 19, 552 N.W.2d 115 (Ct. App. 1996). McWashington concedes that he "did not explicitly agree with either option" that was presented to him. McWashington's repeated refusal to either authorize O'Connell to file a postconviction motion limited to the issues O'Connell believed to be meritorious or to discharge counsel and proceed pro se, left the case at a standstill. There were no other viable options for the case to proceed.

¶15     McWashington had no right to insist that counsel raise specific issues and no right to "hybrid" representation in which O'Connell could file an appeal raising some issues and McWashington could raise additional issues pro se. *See State v. Debra A.E.*, 188 Wis. 2d 111, 138, 523 N.W.2d 727 (1994).  As an officer of the court, O'Connell could not raise an issue that McWashington requested if O'Connell believed it to be frivolous.  Further, as the SPD correctly informed the circuit court, O'Connell could not file a no-merit report because he could not certify that an appeal would be frivolous when he had identified one or more arguably meritorious issues.  *See* WIS. STAT. RULE 809.32(1)(a).  In sum, McWashington's deliberate and repeated refusal to make a choice from his available options frustrated the progression of the case.  Therefore, the court properly treated his refusal as a forfeiture of counsel.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

7